R. B. INDUSTRIES, INC., Respondent,

v.

**Gerald H. GOLDBERG, Director,
Department of Revenue, State
of Missouri, Appellant.**

**No. 61624.**

Supreme Court of Missouri,
En Banc.

June 10, 1980.

Rehearing Denied July 15, 1980.

John Ashcroft, Atty. Gen., Arnold R. Day, Asst. Atty. Gen., Jefferson City, for appellant.

Kay E. Johnson, Gage & Tucker, Kansas City, for respondent.

DONNELLY, Judge.

On April 8, 1976, the Missouri Director of Revenue issued an additional sales and use tax assessment against R. B. Industries, Inc. on certain industrial equipment for the period January 1, 1974, through December 31, 1975. On May 18, 1976, R. B. Industries filed a petition for reassessment with the Director. A hearing was held and the Director upheld the original assessment. A copy of the Director's Order was mailed January 23, 1979. It was received by R. B. Industries on January 27, 1979. A petition for review was filed by R. B. Industries in the Circuit Court of Cass County on February 23, 1979, (31 days after the Order was mailed and 27 days after the Order was received). On March 23, 1979, the Director filed a Motion to Dismiss for Lack of Jurisdiction. On June 18, 1979, the trial court overruled the motion to dismiss, reversed the Director's Order assessing the tax, and remanded the case. The Director appealed to this Court on the ground that construction of the revenue laws is involved. Mo. Const. art. V, § 3.

In *Floyd Charcoal, Inc. v. Director of Revenue*, 599 S.W.2d 173 (Mo.1980) (No. 61383) and *Noranda Aluminum, Inc. v. Missouri Department of Revenue*, 599 S.W.2d 1 (Mo.1980) (No. 61218), Divisions One and Two of this Court construed the meaning of the phrases "used directly for manufacturing" and "used directly in manufacturing" which appear in § 144.030.3(3) and (4), RSMo 1978. We do not reach that issue in this case. Here, the question narrows: was the Circuit Court of Cass County without jurisdiction to entertain the petition for review filed February 23, 1979, because it was not filed within 30 days after the Director's Order was mailed?

Section 536.110.1, RSMo 1978, and Rule 100.04(a) are identical and read as follows:

"Proceedings for review may be instituted by filing a petition in the circuit court or court of common pleas of the county of the plaintiff's residence within thirty days after the mailing or delivery of the notice of the agency's final decision."

In this case, if the thirty-day period began running on January 23, 1979, *the date of mailing*, the petition for review *was not* filed in the circuit court within 30 days (see 44.01(a)); if the thirty-day period began running on January 27, 1979, *the date of delivery*, the petition for review *was* filed in the circuit court within 30 days.

We are of the opinion that, based solely on the language of § 536.110.1 and Rule 100.04(a), the thirty-day period began to run on January 23, 1979, *the date of mailing*. To hold otherwise would be (1) to render the use of the word "mailing" meaningless, and (2) to ignore the express provision of Rule 43.01(c) that "Service by mail is complete upon mailing."

However, this does not end the matter. Rule 44.01(e) reads as follows:

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period."

In *Randles v. Schaffner*, 485 S.W.2d 1, 2, 3 (Mo.1972) Division One of this Court declared:

"Although Article V, Section 22 [now 18] of the Constitution of Missouri guarantees the right to judicial review of administrative decisions, the legislature is authorized to, and did, provide a method of review by designating the court and the time within which such review should be sought. Such procedure having been established, failure to comply with the statute is jurisdictional."

We note that Rule 44.01(e) and Rule 6(e) of the Federal Rules of Civil Procedure are identical, and that Rule 6(e) has been held not to apply in cases involving review of administrative decisions.

In *Whipp v. Weinberger,* 505 F.2d 800 (6th Cir. 1974), the United States Court of Appeals for the Sixth Circuit held that a statute authorizing a claimant to seek review of a denial of benefits under the Social Security Act "within 60 days after the mailing to him of notice" was jurisdictional; and that the trial court was without jurisdiction to entertain an action for review filed 61 days after notice of the agency decision was mailed. We consider the opinion in *Whipp, supra,* persuasive. To borrow from it (505 F.2d at 801):

> "It is recognized that strict application of the time limit works a hardship on the unfortunate applicant who misses the deadline by one day. In other contexts a delay in filing might be tolerated. For example, [Rule 44.01(e)] adds three additional days to the length of a prescribed period if notice is served by mail. However, this provision has no application where, as in the present case, an extension of a time limit in effect would extend the jurisdiction of the court. [Rule 51.01] makes it clear that the rules of procedure cannot be construed to reach such a result."

■ We believe that where service of an agency's final decision is by mailing it (Rule 100.04(a); § 536.110.1), service is complete upon the mailing (Rule 43.01(c)); and that proceedings for review may not be instituted by filing a petition in the circuit court 33 days after the date of mailing. (Rule 44.-01(e)).

■ We hold that the Circuit Court of Cass County was without jurisdiction to entertain the petition for review filed February 23, 1979, because it was not filed within 30 days after the Director's Order was mailed.

The judgment of the trial court is reversed and the cause is remanded with directions to dismiss the petition for review filed by R. B. Industries February 23, 1979.

SEILER, WELLIVER, MORGAN and HIGGINS, JJ., concur.

BARDGETT, C. J., dissents in separate dissenting opinion filed.

RENDLEN, J., dissents in separate dissenting opinion filed.

BARDGETT, Chief Justice, dissenting.

I respectfully dissent for two reasons.

First, § 536.110.1 RSMo 1978 permits the petition for review to be filed within thirty days "after the mailing or delivery of the notice of the agency's final decision." The petition was filed within thirty days after *delivery* of the notice, which, in my opinion, was permissible under the plain meaning of the statute because the disjunctive—OR—is used. However, if the meaning is ambiguous or unclear, the statute should be construed to permit review on the merits.

Second, even if the thirty days begins to run upon mailing, Rule 44.01(e) cited in the principal opinion allows three extra days when the notice may be and is served by mail. The rule does not caution that it is inapplicable to judicial review of administrative decisions but rather, on its face, is plainly applicable to such proceedings. I would hold that it is applicable to review of administrative decisions. I believe that to hold Rule 44.01(e) not applicable simply renders the rule a trap into which any person will fall if they apply an ordinary understanding of the English language to the rule. Therefore, I dissent.

RENDLEN, Judge, dissenting.

I respectfully dissent because I believe the 30 day time limit of the statute (§ 536.110.1, RSMo 1978) and the rule (100.-04(a)) should be construed with rule 44.01(e) which extends the time for filing the petition for review 3 days when notice is served by mail. The statute and rule prescribe nothing more than the procedural format for invoking the Circuit Court's jurisdiction to judicially review administrative decisions. Though the 1972 divisional opinion of this Court in *Randles v. Schaffner,* 485 S.W.2d 1 (Mo.1972), cited by the majority, states that compliance with § 302.111 is "jurisdictional," the court also recognized that the statute was "procedural." *Id.* at

3.[1] Whatever the meaning of the phrase, "within 30 days after the mailing or delivery of the notice," this Court under its constitutional rule making powers pursuant to art. V, § 5, Mo.Const. superseded the statute by adoption of procedural rules 100.-04(a) and 44.01(e) which must be read in harmony and construed together. Thus, procedural rule 100.04(a) and procedural rule 44.01(e) when read together should control. To paraphrase the language from *Randles* cited by the majority, "[T]he legislature [the Supreme Court under its rule making power] is authorized to, and did, provide a method of review by designating . . . the time within which such review should be sought." *Id.* at 3. Within this view of our rule making power it is neither necessary nor desirable to overrule *Randles*, for indeed it could be said when such notice was mailed the procedure for invoking the trial court's jurisdiction contemplated a 33 day time limit and, in the cited language of *Randles*, "Such *procedure* having been established, failure to comply with the statute [rule] is jurisdictional." (Emphasis added.) *Id.*

Appellant's filing of its petition for review on the 31st day after the order was mailed was timely. Accordingly, I would remand the cause with directions to entertain the appeal on its merits.

---

1. Though cited by the majority *Randles v. Schaffner*, 485 S.W.2d 1 (Mo.1972) is not controlling here. That case involved an interpretation of § 302.311, RSMo 1969, providing for review of determinations by the Director of Revenue where drivers' licenses were revoked or suspended. In the case of drivers' license determinations this Court had not promulgated a rule like rule 100.04(a) pertinent to the case sub judice, prescribing the procedure for invoking the substantive right of appeal. Moreover, *Randles* did not address the effect of rule 44.-01(e) (effective September 1, 1972) as that rule was not applicable to the notice mailed by the Department of Revenue on December 7, 1970. See *Id.* at 2.