**CARDINAL GLENNON MEMORIAL HOSPITAL COFFEE SHOP,**
**Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

**MACKE VENDALL COMPANY,**
**Appellant,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent.**

**Nos. WD 32098, WD 32106.**

Missouri Court of Appeals,
Western District.

Sept. 15, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 20, 1981.

Application to Transfer Denied
Dec. 14, 1981.

Timothy Kevin Kellett, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., SOMERVILLE, C. J., and SHANGLER, J.

SHANGLER, Judge.

This appeal consolidates the orders by the Administrative Hearing Commission to dismiss the separate petitions for administrative review of the tax assessments entered by the Director of Revenue against Taxpayers Cardinal Glennon Memorial Hospital Coffee Shop and Macke Vendall Company. The orders of dismissal rest on the neglect to file the petitions for review with the Administrative Hearing Commission within thirty days of decision of the Director of Revenue as required by § 161.273, RSMo 1978.

The record discloses this coincident chronology and career for the separate petitions

brought by the Cardinal Glennon Coffee Shop and the Vendall Company for administrative review of the agency tax assessments:

*February 8, 1979,* the Director of Revenue assessed each taxpayer for unpaid taxes and mailed the assessment to each taxpayer on that date.

*March 7, 1979,* each taxpayer forwarded a petition for review [reassessment] to the Administrative Hearing Commission from a Maryland office by certified mail.

*March 12, 1979,* the petitions for review [reassessment] were delivered by the postal authority to the State Hearing Commission and marked *filed* on that date.

*August 29, 1979,* the Administrative Hearing Commission entered orders, on the motions of the Director of Revenue, to dismiss each petition for review as untimely filed.

*September 25, 1979,* the Administrative Hearing Commission sustained the motion of the taxpayers for rehearing and rescinded the orders of dismissal.

*August 8, 1980,* upon the stipulated evidence, briefs and arguments of the litigants, the Administrative Hearing Commission "affirmed" the original order of dismissal on the determination that the failure to file the petitions for review within the time prescription of § 161.273 deprived the Commission of jurisdiction over the subject matter of the petitions for review.

The jurisdiction of the Administrative Hearing Commission to adjudicate and to review derives from §§ 161.252 through 161.350. A party to the dispute has resort to the Administrative Hearing Commission for the review of an assessment by the Director of Revenue according to the method defined in § 161.273:

[A]ny person or entity shall have the *right to appeal* to the administrative hearing commission from any finding, order, decision, assessment or additional assessment made by the director of revenue

*... by the filing of a petition with the administrative hearing commission within thirty days after the mailing or delivery of a decision of the director of revenue* with respect to such dispute. [emphasis added]

The authority to review under § 161.273 reposes on a jurisdiction lawfully invoked within thirty days after the dispatch by mail or other delivery of the revenue decision. The appeal poses the mode the law contemplates to compute the statutory time for the administrative appeal.

The question arises at all because the thirty-day period [as the Administrative Hearing Commission determined] commenced on February 8, 1979, and ended on March 10, 1979, a Saturday. There was evidence that the taxpayers posted the petitions for reassessment to the Commission on March 7, 1979, by certified mail from the Maryland office. The usual course of postal business delivers a letter from Maryland to Jefferson City, Missouri within three days—in this case, March 10, 1979. The office of the Commission was not open for business on a Saturday, however, and—conformably to that practice of state offices—the United States Post Office delivered no mail [certified post included] to any such addressee on a Saturday. That practice was current throughout year 1979. The petitions for reassessment parcels were delivered to the Commission on Monday, March 12, 1979, and on that date were formally filed by that office—by absolute computation, two days beyond the statutory appeal period.

█ The measurement of time for performance under a rule of procedure or a statute is governed by the several methods of Rule 20.01,[1] Rule 44.01 and § 1.040. The computation measure of each rule of procedure excludes Saturday, Sunday and legal holidays from the count of a prescribed period when the last time to perform falls on any of those days. The taxpayers invoke the effect of Rule 44.01 to exclude March 10, 1979—a Saturday—and the prox-

1. The taxpayers do not look to Rule 20.01 to validate the appeal of the Administrative Hearing Commission as timely. Rule 20.01 apper-tains to compute periods of time in criminal proceedings and so does not bear, even colorably, on the tax assessment subject matter.

imate Sunday from the count of days so as to constitute Monday, March 12, the thirtieth day for a timely administrative appeal under § 161.273. That rule, however, applies to civil actions in judicial courts [Rule 41.01] and so by the very terms of promulgation does not affect proceedings still administrative. The cases cited by the taxpayers to support contention that Rule 44.01 applies to count the time for appeal under § 161.273 involve not filings for administrative review but filings for judicial review [to the circuit court].[2] Those very citations lend no authority to the argument of the taxpayers, but reaffirm, rather, that Rule 44.01 does not apply at all to administrative proceedings. *R.B. Industries, Inc. v. Goldberg*, 601 S.W.2d 5, 6 (Mo. banc 1980). The neglect to comply with the statutory time for an appeal from an agency decision—whether to another administrative body or to the circuit court—results in lapse of jurisdiction and right of appeal. *Randles v. Schaffner*, 485 S.W.2d 1, 2 [5, 6] (Mo. 1972).

*Goldberg*, supra, dispels another contention. The taxpayers argue that § 161.273 entitles a party to the dispute before the Director of Revenue an appeal to the Administrative Hearing Commission by a petition filed "within thirty days after the *mailing or delivery*" of the agency decision.[3] [emphasis added] The argument, we assume, intends the point that counted from the time of mail delivery rather than mail dispatch, the lodgement of the petitions for reassessment with the Administrative Hearing Commission Monday, March 12, 1979, accomplished an appeal within thirty

days and so entitled the taxpayers to review. There was, however, no evidence as to when the Director of Revenue notice of decision was *delivered* to the taxpayers. More decisively, when the mode of delivery is by mail service, the service is complete upon the act of mailing. In context: A rule or statute [such as § 161.273] which requires an action within a number of days of the *mailing or delivery* of a notice of decision describes two modes for the service of notice: by mail or by other delivery— and when notice is by mail, the computation of time to perform the action commences on the date of the mailing. *R.B. Industries, Inc. v. Goldberg*, supra, l.c. 7[1].

■ The taxpayers argue also that, notwithstanding the explicit provision of § 1.040:

[t]he time within which an act is to be done shall be computed excluding the first day and including the last. If the last day is Sunday it shall be excluded,

the word *Saturday* should be interpolated into the statute so as to render a consonance with Rule 44.01. The taxpayers cite numerous foreign cases with enactments virtually identical with our § 1.040 which, nevertheless, discounted Saturday as the final day from a computation of the time for an act when the public office where the act was to be performed was closed on that day. However sound the common sense of such a rationale as to public transactions, our § 1.040 governs private transactions as well. *Gray v. Worst*, 129 Mo. 122, 31 S.W. 585, 587 (1895). We agree with the Administrative Hearing Commissioner that § 1.040 applies according to the plain terms to deny

---

**2.** The usual procedure for judicial review of a decision of the Director of Revenue by petition of review to the circuit court under Chapter 536 [Administrative Procedure and Review Act and Rules 100.03 to 100.08] was superseded by the enactment in year 1978 of § 161.273 which prescribes, first, an administrative review from a decision of the Director of Revenue to the Administrative Hearing Commission, and § 161.337, which provides for judicial review directly to the court of appeals from final decision of the Administrative Hearing Commission.

We do not assume that the rationale of *Goldberg*, supra, and the kindred cases which allow no effect to Rule 44.01 in administrative pro-

ceedings—a petition for review of a final administrative decision to the circuit court included—applies with parity to a petition for review of an Administrative Hearing Commission final decision to the court of appeals. We neither reach that question nor intimate opinion.

**3.** The taxpayers rely more particularly upon the rule promulgated by the Administrative Hearing Commission—4 CSR 20–3.040(1) which requires that administrative review to the Commission be filed at the Jefferson City office "within thirty (30) days after the *mailing or delivery* of the decision of the director *to said party.*" [emphasis added]

the petitions for reassessment efficacy as appeals.

The petitions for the administrative review of the tax assessment of the Director of Revenue was not filed within the time prescribed by § 161.273 and was properly dismissed by the Administrative Hearing Commission. The decisions of the Administrative Hearing Commission on August 29, 1979, to dismiss the petitions for administrative review became final thirty days after notice to the taxpayers and the right to judicial review of those final decisions lapsed long before the petitions for judicial review were lodged in this court on September 9, 1980.

The petitions of the taxpayers for judicial review are dismissed.[4]

All concur.

---

4. We do not reach inquiry as to the authority of the Administrative Hearing Commission to rehear or set aside an order once entered as a final decision. See §§ 161.273 and 536.110.2 and 4 CSR 20–3.100(1)(B).

We note also, the enactment of § 161.350 in year 1980: "pleadings transmitted to the administrative hearing commission by *registered mail*, but not by certified mail, *shall be deemed filed* with the administrative hearing commission *as of the date shown on the United States post office records* of such registration and mailing." [emphasis added]