SPRINGFIELD PARK CENTRAL
HOSPITAL, Appellant,

v.

DIRECTOR OF REVENUE, State of
Missouri, Respondent.

No. 64160.

Supreme Court of Missouri,
Division No. 1.

Jan. 11, 1983.

Stephen P. Seigel, Springfield, for appellant.

John Ashcroft, Atty. Gen., Melodie A.T. Powell, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Appeal by Springfield Park Central Hospital, taxpayer, from an order of the Administrative Hearing Commission dismissing its petition against the Director of Revenue. The Commission determined the petition was not timely filed and it was without jurisdiction.[1] We affirm.

The facts are brief and not in dispute. The Director of Revenue issued a final decision, adverse to Springfield Park Central Hospital, which involved the imposition of additional sales taxes. The decision was mailed to the taxpayer on June 15, 1979, by certified mail. Thirty-two days thereafter, on July 17, 1979, the taxpayer's petition was filed with the Administrative Hearing Commission.

Section 161.273 RSMo 1978, provides:

[A]ny person or entity shall have the right to appeal to the administrative hearing commission from any finding, order, decision, assessment or additional assessment made by the director of reve-

nue. Any person or entity who is a party to such a dispute shall be entitled to a hearing before the administrative hearing commission *by the filing of a petition with the administrative hearing commission within thirty days after the mailing or delivery of a decision of the director of revenue with respect to such dispute.* [Emphasis added]

Taxpayer first contends its petition was timely filed because Rule 44.01 permits the addition of three days onto the computation of the filing period where service is by mail. In a similar situation we held Rule 44.01 applies to civil actions in judicial courts and is not applicable to administrative proceedings. *R.B. Industries, Inc. v. Goldberg,* 601 S.W.2d 5 (Mo.banc 1980). We adhere to that ruling and deny the point.

Similarly, taxpayer's next averment, that the filing deadline in § 161.273 refers only to entitlement to a hearing and not to a right to appeal, lacks merit. In Missouri the failure to comply with the statutory time for an appeal results in lapse of jurisdiction and right of appeal. *Cardinal Glennon Memorial Hospital Coffee Shop v. Director of Revenue,* 624 S.W.2d 115 (Mo.App. 1981).

Lastly, taxpayer argues that the provisions of § 161.273 are constitutionally vague and a deprivation of due process in that they deny a right to administrative or judicial review. We disagree. The primary object of statutory interpretation is to ascertain the intent of the legislature from the language used, and to give effect to that intent. In doing so we are to consider the words used in the statute in their plain and ordinary meaning. *State v. Kraus,* 530 S.W.2d 684 (Mo.banc 1975). The clear, unambiguous language of this statute intends to provide a remedy and the procedure to be followed to secure that remedy. The right of review is constitutional, but where the statute provides a remedy and a procedure to be followed, it must be complied

1. This appeal was initially filed in the Missouri Court of Appeals, Western District, pursuant to § 161.337, RSMo 1978. That Court ordered the case transferred because the validity of a statute [§ 161.273, RSMo 1978] is in issue. Mo. Const., Art. V, § 3.

with. *Gothard v. Spradling,* 586 S.W.2d 443 (Mo.App.1979).

■ Because the taxpayer's complaint was not filed within thirty days after the final decision of the Director of Revenue was mailed, the Administrative Hearing Commission was without jurisdiction to entertain the same and properly entered an order of dismissal.[2] We affirm that order.

RENDLEN, C.J., and GUNN, P.J., concur.

DONNELLY, J., not participating.

---

2. Section 161.350, RSMo Supp.1980, now provides that pleadings transmitted to the Administrative Hearing Commission by *registered* *mail* "shall be deemed filed ... as of the date shown on the United States post office records of such registration and mailing."