**The CITY OF ST. LOUIS, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. WD 33697.**

Missouri Court of Appeals,
Western District.

May 3, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied
June 28, 1983.

Application to Transfer Denied
Aug. 16, 1983.

Joseph R. Niemann, City Counselor, Robert C. McNicholas, Assoc. City Counselor, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

The City of St. Louis sought to appeal to the Administrative Hearing Commission an assessment which had been made by the Director of Revenue for sales tax on the city's sale of water. The appeal in the form of a complaint by the city was filed with the Administrative Hearing Commission 32 days after the date on which the director had mailed the assessment to the city. The Administrative Hearing Commission dismissed the city's complaint on the ground that it had not been filed within 30 days as required by § 161.273 RSMo 1981.

On this appeal, the city contends that its complaint was timely filed because the complaint had been deposited in the commission's mailbox on a Saturday 30 days after the date on which the director had mailed the assessment. The city's position is that § 161.273 should be interpreted to allow 30 days from the delivery of the notice of assessment, that Rule 44.01 should apply to extend the 30 days, and that mailing by express mail should be held to constitute substantial compliance with the statutory requirement that the complaint be mailed by registered mail. Appeal dismissed.

There is no dispute as to the facts. On July 24, 1980, the Director of Revenue mailed to the Water Department of the City of St. Louis by certified mail an assessment in the amount of $147,490.79 for sales tax on the sale of water by the city for the period from January 1 to June 30, 1980.

The form stated that an appeal must be taken to the Administrative Hearing Commission within 30 days from the assessment and mailing date of July 24, 1980. The 30th day after July 24, 1980, was Saturday, August 23, 1980. On Friday, August 22, 1980, the city delivered to the postal service an appeal in the form of a complaint, to be delivered by express mail to the Administrative Hearing Commission in Jefferson City. The postal service attempted to deliver the complaint to the commission's street address on the next day, August 23, but found that the office was closed because it was a Saturday. The complaint was deposited in the commission's postal box on that day.

On Monday, August 25, 1980, 32 days after the assessment had been mailed, the postal service took the complaint from the postal box and delivered it to the commission at its office. The commission stamped the complaint as having been filed on August 25, 1980. The director filed a motion to dismiss the complaint because it had not been filed within the 30 days provided in § 161.273. The commission sustained this motion and dismissed the complaint.

The city first contends that the complaint was timely filed because it was deposited in the commission's postal box on the 30th day after the assessment had been mailed. This issue was addressed in *State ex rel. Alton R. Co. v. Public Service Commission,* 155 S.W.2d 149, 154[6, 7] (Mo.1941), where the court held the mailing of a motion within the time permitted did not constitute a filing of the motion. *In Tabb v. McGinley,* 313 S.W.2d 745 (Mo.App.1958), the court reviewed a number of cases and concluded that the placing of a document in the mail did not constitute filing. The reasoning behind that holding was that in order for a

filing to be accomplished, the document must be accepted by an officer.

■ The holding in *Tabb* was adopted by this court in *Holmes v. Navajo Freight Lines, Inc.,* 488 S.W.2d 311 (Mo.App.1972). In *Holmes,* this court was dealing with a statute which required that an appeal be filed within 30 days from the date of the final award. This court held that such a filing could not be accomplished merely by the mailing of an appeal, because the appeal had to be received by proper officials and filed in the proper office within the time permitted. The facts in *Holmes* closely parallel those in this case. The notice was delivered to the postal box of the Industrial Commission on the 30th day, but not actually delivered to the commission's office until the 33rd day. This court held that the delivery to the commission's office 33 days after the final award destroyed the circuit court's jurisdiction to hear the appeal. Under these cases the mailing of the complaint or appeal in this case within 30 days, even if the notice was placed in the postal box within that time, did not meet the requirement that a complaint be filed with the commission within 30 days, since the complaint was not actually received and filed by the commission until 32 days after the mailing of the assessment.

■ It is well settled that when a statute provides a remedy and procedures to be followed, such procedures must be complied with. *Springfield Park Central Hospital v. Director of Revenue,* 643 S.W.2d 599 (Mo. 1983). This court elaborated on that point in *Cardinal Glennon Memorial Hospital Coffee Shop v. Director of Revenue,* 624 S.W.2d 115, 118[2] (Mo.App.1981), stating:

> The neglect to comply with the statutory time for an appeal from an agency decision-whether to another administrative body or to the circuit court-results in lapse of jurisdiction and right of appeal. *Randles v. Schaffner,* 485 S.W.2d 1, 2[5, 6] (Mo.1972).

Thus, the commission was correct in concluding that the appeal by way of the complaint was not filed within the 30 day period prescribed by the statute and that therefore the commission had no jurisdiction.

■ As a subsidiary argument, the city contends that it was misled by the fact that both the commission's post office box and its street address appeared on the assessment form. The city contends that this fact led it to believe that a notice delivered to the postal box within 30 days would be sufficient. However, there was nothing in the notice of assessment indicating that this was the case. Thus, the city remains bound by the rule of law that filing is not accomplished merely by the mailing of a document, but rather results only when the document has been accepted by the officer in the officer where the filing is to occur.

The city next contends that § 161.273 should be construed as stating that an appeal may be taken within 30 days of the delivery date of a notice of assessment. Section 161.273 provides, in pertinent part:

> Any person or entity who is a party to such a dispute shall be entitled to a hearing before the administrative hearing commission by the filing of a petition with the administrative hearing commission within thirty days after the mailing or delivery of a decision of the director of revenue with respect to such dispute.

The city's objection to the language of this section is that it apparently gives the director the power to reduce the 30 day period within which a complaint can be filed, simply by mailing a notice of assessment rather than having the notice hand delivered. Section 161.273 clearly gives the director the option of either mailing or delivering the notice. This court discussed that aspect of the statute in *Cardinal Glennon Memorial Hospital Coffee Shop, supra* at 118[2], holding that when the notice is given by mail, the computation of time begins on the day of mailing, rather than on the delivery date.

■ The city incorrectly assumes that the statute allows a full 30 days in which to file a complaint. To the contrary, the statute limits the filing of the complaint to a period *within* 30 days after the date of mailing *or* delivery of the notice of assess-

ment. The statute is clear and unambiguous on this point, and thus leaves this court no room for a contrary construction. Thus, the language of the statute itself in combination with this court's holding in the *Cardinal Glennon* case lead to the conclusion that in cases where notice is given by mail, the 30 day period begins on the date of mailing.

■ The city next contends that both § 144.261 RSMo 1978 and § 161.273 should be interpreted in light of Rule 44.01. Section 144.261, like § 161.273, provides that an appeal must be taken within 30 days after the mailing or delivery of the director's decision. Rule 44.01(a) states that when the last day of a statutory time period falls on a Saturday, Sunday, or legal holiday, then that time period is extended to include the next day that is not a Saturday, Sunday, or legal holiday. Rule 44.01(e) further provides that three days shall be added to the prescribed time period when service is accomplished by mail. This rule was addressed in *R.B. Industries, Inc. v. Goldberg,* 601 S.W.2d 5, 7[1] (Mo. banc 1980), which held that when an agency's final decision is transmitted by mail, service is complete upon mailing, and Rule 44.01(e) does not apply to extend the time period. The holding in *R.B. Industries, Inc.* was reaffirmed in *Springfield Park Central Hospital, supra,* where the court held that Rule 44.01 applies only to civil actions in judicial courts, and is not applicable to administrative proceedings.

The city's final contention is that it should be held to have substantially complied with § 161.350 RSMo 1980, effective August 13, 1980, when it mailed its complaint to the commission by express mail. Section 161.350 provides that pleadings transmitted to the commission by registered mail, but not by certified mail, shall be deemed filed with the commission as of the date shown on the post office records for the registration and mailing.[1] The city contends that express mail should be regarded

as the equivalent of registered mail for the purpose of this statutory requirement. The commission's findings of fact reveal that the U.S. Postal Service distinguishes between registered mail and express mail. Chapter 2 of the Domestic Mail Manual describes express mail, while Chapter 9 describes registered mail and certified mail. Section 911.1.11 of the manual states:

*Purpose.* The registered mail system is designed to provide added protection for valuable and important mail. Postal insurance coverage may be purchased for mail that is registered in case of loss or damage. Registered mail is the most secure service the Postal Services offers. It incorporates a system of receipts to monitor the mail's movement from the point of acceptance to delivery.

This court is convinced that the legislature was well aware of the distinction between the various types of mail services provided by the postal service, as demonstrated by the fact that § 161.350 specifically distinguishes between registered mail and certified mail. The legislature was undoubtedly familiar with the postal service description of registered mail as set out above, and wanted to assure that only those complaints mailed by registered mail would be considered as having been filed as of the date of registration.

■ Since § 161.350 makes no mention of express mail, it would require a rewriting of that section to hold that mailing a complaint to the commission by express mail is, for the purpose of the statute, the same as mailing a complaint by registered mail. As stated in *Springfield Park Central Hospital,* a procedure which is set forth must be complied with. Thus, the only possible means of compliance with § 161.350 is to mail a complaint by registered mail rather than by certified mail, express mail, or any other type of mail service.

The commission was correct in holding that it did not acquire jurisdiction over the city's complaint because that complaint was

---

1. The legislature was undoubtedly aware of the result reached in *Tabb, Holmes,* and *State ex rel. Alton R. Co., supra.* It may safely be assumed that this change was made to alleviate the result in those cases, which the courts acknowledged to be harsh.

not filed within 30 days after the notice of assessment was mailed. For that reason, this court does not have the necessary jurisdiction over the complaint to provide judicial review, and the appeal is therefore dismissed.

All concur.