Dear Representative Fowler:
This is in response to your request for an opinion as follows:
 Does the Director of the Department of Corrections and Human Resources have the power to refuse to accept new inmates ordered committed to the Division of Adult Institutions by the Circuit Courts of the State of Missouri? Specifically, assuming the maximum capacity has been reached at each institution, may the Director of the Department as a part of his declaration of an "emergency" refuse to accept new commitments from the Circuit Courts of this State?
Section 217.155.1, RSMo Supp. 1982, provides, interalia:
 "The division [of adult institutions] shall manage, supervise, and direct all adult correctional, rehabilitative, and training activities, shall provide for the protection, care, discipline, instruction and suitable quartering of all persons legally assigned to its jurisdiction and shall operate programs and activities designed to release such persons as useful, productive and law-abiding citizens."
Subsection 2 of Section 217.155 provides that the Division of Adult Institutions shall, in addition to any other duties imposed by Chapter 217, have control and jurisdiction over all persons who are legally sentenced and committed to the custody of the Division.
Section 217.210, RSMo Supp. 1982, provides:
 "1. The maximum capacity of correctional facilities shall be determined by the director of the department with the concurrence of the division director.
 2. When any correctional facility is at the maximum capacity, an inmate may be assigned to that institution only when an emergency is declared by the director of the department."
Sections 217.155 and 217.210 were enacted at the same time as part of House Bill No. 1196 by the 82nd General Assembly (1982).
Section 217.155, RSMo Supp. 1982, provides that the Division of Adult Institutions shall provide suitable quartering of all persons legally assigned to its jurisdiction andshall have control and jurisdiction over all persons who are legally sentenced and committed to the custody of the Division. Generally, the use of the word "shall" in a statute is mandatory and not permissive. Sho-Me Power Corporation vs.City of Mountain Grove, 467 S.W.2d 109, 112 (Mo.App. 1971). In the interpretation of statutes, the determination of whether a statute is mandatory or directory ordinarily arises in determining whether failure to comply with a statutory provision makes an act or proceeding void. However, when a statute creates an official duty in the interest of the public, and when the General Assembly imposes such duty upon a public officer, he has no discretion as to whether or not it should be performed. State ex rel. McTague vs. McClellan, 532 S.W.2d 870,871 (Mo.App., St.L.D. 1976).
Based on these principles of statutory interpretation, the duty imposed by Section 217.155 on the Division of Adult Institutions to provide suitable quartering for those persons sentenced to the custody of the Division is mandatory. The Division must accept control and jurisdiction of persons sentenced to it.
Section 217.210, RSMo Supp. 1982, specifically provides that if an "emergency" is declared, an inmate may be assigned to an institution although its designated maximum capacity has been reached. The term "emergency" is not defined in this section or Chapter 217 generally. In determining the meaning of a statute, the primary object of statutory interpretation is to ascertain the intent of the legislature from the language used, and to give effect to that intent. In doing so, words used in a statute are considered in their plain and ordinary meaning. Springfield Park Central Hospital vs.Director of Revenue, 643 S.W.2d 599, 600 (Mo. 1983). The particular meaning to be ascribed to specific words and phrases in statutes must depend to some extent upon the context in which they are used. City of Willow Springs vs.Missouri State Librarian, 596 S.W.2d 441, 445 (Mo. banc 1980). Where a statute limits the doing of a particular thing in a prescribed manner, it necessarily includes in the power granted the negative that it cannot be otherwise done.State ex rel. State Highway Commission vs. County of Camden,394 S.W.2d 71 (Spr.Ct.App. 1965). Under the rule that the express mention of one thing implies the exclusion of another, where special powers are expressly conferred or special methods are expressly prescribed for the exercise of the power, other powers and procedures are excluded. Brown vs.Morris, 365 Mo. 946, 955, 290 S.W.2d 160, 166 (banc 1956). Further, an entire act must be construed together and all provisions must be harmonized, if reasonably possible, and every word, clause, sentence, and section given some meaning.Eminence R1 School District vs. Hodge, 635 S.W.2d 10, 13
(Mo. 1982).
Pursuant to these rules of statutory interpretation, the director's capacity to declare an "emergency" occurs only in the situation specifically enumerated in Section 217.210, that is, when a need arises to place inmates in an institution which is at capacity. This statute does not grant to the director an ability to declare an "emergency" for purposes of refusing to accept inmates assigned to the jurisdiction and control of the Division of Adult Institutions, regardless of how many institutions may be at their maximum population level.
CONCLUSION
It is the opinion of this office that the Director of the Department of Corrections and Human Resources cannot as a part of his declaration of an "emergency" under Section 217.210, RSMo Supp. 1982, refuse to accept new commitments from the Circuit Courts of this State to the Division of Adult Institutions although the maximum capacity as set by the Director for population has been reached at each institution within the Division.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Kristie Green.
Very truly yours,
 JOHN ASHCROFT Attorney General