Dolph **WOODMAN**, Appellant,

v.

**DIRECTOR OF REVENUE,**
Respondent.

No. 56326.

Missouri Court of Appeals,
Western District.

Nov. 30, 1999.

Rodney H. Nichols, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

Before: Presiding Judge LAURA DENVIR STITH, Judge HAROLD LOWENSTEIN and Judge ALBERT RIEDERER.

HAROLD L. LOWENSTEIN, Judge.

Appellant Dolph Woodman appeals the Findings of Fact and Conclusions of Law of the Administrative Hearing Commission (AHC) holding him liable to the respondent for $29,247 in tax and penalties for willfully failing to collect and pay employer withholding tax pursuant to § 143.751.4, RSMo 1994.[1] The respondent is the Missouri Director of Revenue (Director), to whom the withholding tax returns and payments were due. Woodman made this appeal after filing a Motion for Reconsideration with the Administrative Hearing Commission. At issue is whether this appeal was timely filed and if so, whether this court has jurisdiction to entertain the appeal.

Appellant Woodman was the founder, president and sole officer of Woodman Construction, Inc. (hereinafter the "corporation"), a commercial construction busi-

---

1. All further statutory references are to the Revised Statutes of Missouri, 1994, unless otherwise indicated.

ness which began operating in the Branson area in February 1991. In December 1991, Woodman hired Betty Kagel as a bookkeeper. Woodman delegated to Kagel responsibility for general office management and all bookkeeping and payroll duties, including filing and paying tax returns.

Woodman terminated the employment of Kagel in August 1994. Sometime later, an accountant audited the corporation's books. The audit disclosed that Kagel had embezzled substantial amounts of money from the corporation, had attempted to conceal this conduct by altering the corporation's books, and had not filed the appropriate state payroll tax returns or paid the payroll taxes.

On September 8, 1994, Director issued an estimated notice of tax deficiency for March 1994, requesting the corporation to submit payment. Similar notices were issued on September 29, 1994, November 3, 1994, and December 8, 1994, for the periods of April 1994, May 1994, and June 1994, respectively. After these notifications of tax delinquencies, Woodman and the corporation continued to work on existing construction contracts, pay wages to employees, pay current accounts payable, and make payments to the IRS for other tax delinquencies.

After giving all appropriate notification to Woodman, the final decisions of the Director were as follows. On January 19, 1996, the Director issued a final decision, citing §§ 143.241 and 143.751, and assessing Woodman personally responsible for $27,956.42 in unpaid employer withholding tax. On August 29, 1997, the Director issued a final decision assessing Woodman $29,247 in penalties under § 143.751.4.

Woodman appealed the Director's final decisions to the Administrative Hearing Commission (the Commission). The matter was heard on November 25, 1997. On July 2, 1998, the Commission entered its Findings of Fact and Conclusions of Law, holding that Woodman was not a responsible party under § 143.241 but was respon-

sible for the $29,247 assessed under § 143.751. On August 3, 1998, Woodman filed a Motion for Reconsideration with the Commission. On August 6, 1998, the Commission issued a Memorandum and Order stating that it no longer had jurisdiction to consider Woodman's Motion for Reconsideration because the 30-day time period for appeal had expired. On September 8, 1998, Woodman filed a petition for review with this court. On appeal, both parties address the question of the timeliness of this petition for review.

## I.

Respondent contends the Commission has no jurisdiction to entertain motions for reconsideration and that Appellant's only course of action would have been to appeal directly to this court within 30 days of the Commission's Findings and Conclusions, an action that Appellant admittedly failed to take. This court now determines that while there is in fact no jurisdiction to entertain this appeal, Respondent's assertions as to Appellant's options for appeal do not comport with the applicable statutes or caselaw.

## A.

■ It is Respondent's first assertion that the Commission has no authority to consider motions for reconsideration. In *State ex rel. Marler v. State Bd. of Optometry,* 898 S.W.2d 559, 563 (Mo.App.1994), this court recognized the Western District's inconsistent caselaw on the subject. The court wrote:

This court has issued conflicting opinions concerning an administrative agency's authority to modify its findings of fact and conclusions of law. In *Sheets v. Labor and Industrial Relations Commission,* 622 S.W.2d 391, 394 (Mo.App. 1981), we held that the agency could not modify its findings and conclusions once "reached and imparted to the litigants[.]" In *Eleven Star, Inc. v. Director of Revenue,* 764 S.W.2d 521, 522

(Mo.App.1989), and *Dillon, d/b/a Home Satellite Systems v. Director of Revenue*, 777 S.W.2d 326 (Mo.App.1989), we held that an agency could modify its decision within 30 days after entering it. *Id.* at 563. This court now follows the decisions in *Eleven Star* and *Dillon*. The rationale of *Eleven Star* has recently been followed by our Supreme Court in *Farmer v. Barlow Truck Lines, Inc.*, 979 S.W.2d 169, 170–171 (Mo. banc 1998).

*Eleven Star* involved the power of the Commission to set aside an order of dismissal previously entered by it. The court there held that an administrative body has the inherent authority to set aside a dismissal it has entered. *Eleven Star*, 764 S.W.2d at 522. Additionally, in *Dillon*, this court held the decision in *Eleven Star* required the assumption that the Commission has jurisdiction to rule on after-trial motions to reconsider. *Dillon*, 777 S.W.2d at 329. In light of this caselaw, the Commission here had the power to hear Appellant Woodman's motion for reconsideration.

■ It next must be determined whether Appellant's motion for reconsideration was timely filed with the AHC. After determining the Commission had the power to set aside dismissals, the *Eleven Star* court discussed the time limit within which to make such a set aside in light of § 621.189, the statute governing appeals from the Commission to a court of appeals. Section 621.189 requires a petition for review to an appeals court to be filed "within thirty days after the mailing or delivery of the final decision and notice thereof in such a case." [2] The *Eleven Star* court wrote that a party filing an after-trial motion with the Commission must do so within the same 30–day time limit set for appeal to this court in § 621.189. *Eleven Star*, 764 S.W.2d at 522. In other words,

Woodman must have filed his motion with the AHC "within thirty days after the mailing or delivery of the final decision."

■ The AHC issued its Findings and Conclusions on July 2, 1998. Both parties attempt to measure the 30–day time frame thereafter by using the Rules of Civil Procedure, particularly Rule 44.01(a), which would calculate the last day to file as August 3, 1998. However, as this court noted in *AT & T Information Systems, Inc. v. Wallemann*, 827 S.W.2d 217, 221 (Mo.App.1992), "[t]he Rules of Civil Procedure, Rules 41 through 101, by their terms do not apply to proceedings in administrative agencies." The rules only apply to administrative proceedings when specifically authorized by statute. No such statute relates to Rule 44.01(a). Therefore, the period is calculated by the bare language of § 621.189. According to *R.B. Indus., Inc. v. Goldberg*, 601 S.W.2d 5, 6 (Mo. banc 1980), a case interpreting language nearly identical to § 621.189, the 30 days begins to run *on the date of mailing*. If the Findings and Conclusions were mailed the same day they were issued by the AHC (July 2, 1998), then Appellant's motion filing on August 3, 1998, would be too late, as the thirtieth day would have fallen on July 31, 1998.

However, nowhere in the record or legal file submitted to this court is located the mailing date of the AHC's Findings and Conclusions. This court cannot simply assume they were mailed on the date they were issued. Regardless, Respondent Director of Revenue in its "Response to Appellant's Response to Respondent's Suggestions in Support of Dismissal of Appeal" admits that Appellant filed his motion with the AHC within 30 days of the decision. Whether this calculation was due to the actual date of mailing, which is unknown to this court, or to a

---

2. Section 621.189 reads in pertinent part: "Final decisions of the administrative hearing commission in cases arising ... under the provisions of section 621.050 [cases before the AHC on assessments made by the director of revenue] shall be subject to review pursuant to a petition for review to be filed in the court of appeals ... within thirty days after the mailing or delivery of the final decision and notice thereof in such a case."

miscalculation derived from using the inapplicable civil Rule 44.01(a) is irrelevant. In the documentation sent to this court, both parties agree the motion for reconsideration was filed with the AHC on time, within the 30–day limit.

### B.

■ What is the effect of a timely filed motion for reconsideration considering the statutorily allowed time for appealing an AHC decision to this court? Appellant contends after his timely filing of the motion the decision of the AHC did not become final until the AHC ruled upon his reconsideration motion. He therefore asserts that the decision became final on August 6, 1998 (the date the AHC issued its Order stating it no longer had jurisdiction to consider the motion), and he had 30 days *after* that date to appeal to this court. Appellant cites to § 536.110(2) as support for the notion that filing a motion for reconsideration tolls the 30–day time limit until ruling on the motion by the AHC. However, § 536.110 is inapplicable to the case at bar. Section 536.100 deals generally with judicial review in administrative matters. It provides that a person aggrieved in an administrative hearing is entitled to judicial review "as provided by sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute." Section 621.189 deals specifically with appeals arising under § 621.050 (appeals from a decision of the Director of Revenue) from the AHC to a court of appeals. This specific statute is applicable in this case and, therefore, makes the general appeals statues, § 536.100 and § 536.110, inapplicable. Nowhere in § 621.189 is there provided a toll on the 30–day appeal limit after filing a motion for rehearing.

There is no statutory language as to the effect of a timely filed motion for reconsideration under § 621.189. Language instructive on this issue is found in *Eleven Star*. That court held:

The 30 day limit on the appeal from the decision of the Commission simply means that the party appealing to this court from the Commission decision must file a motion to set aside the dismissal and obtain a final decision from the Commission reinstating the petition prior to the expiration of the 30 days following the final decision. If the Commission does not set aside the dismissal within the 30 day time limit, the order of dismissal would stand unless a petition for review were filed in this court within that time. The net result is that as a practical matter the Commission could enter an order setting aside a dismissal within 30 days after such order was made. In that event there would be no final decision from which an appeal could be taken. *But the affected party would still be required to file a petition for review in this court within 30 days of the dismissal in the event the Commission did not set aside such dismissal.*

*Eleven Star,* 764 S.W.2d at 522 (citations therein omitted) (emphasis added).

■ The *Eleven Star* court held that an appeal within the Commission itself must be filed within the 30–day time limit established by § 621.189 for appeals to this court. The *Eleven Star* court went on to hold that an after-trial motion must be filed *and ruled upon* by the Commission within that same 30–day time period. If not, the appellant must appeal to this court within the original 30 days. There is no toll on the appeal period unless the Commission grants the after-trial motion within that 30 days. The result is this: (1) If Appellant had filed the motion with the AHC within the 30 days after the Commission's Findings and Conclusions and the Commission had granted it within that 30 days, the 30 day appeal period to this court would be tolled; (2) If Appellant had filed the motion with the AHC within the 30 days and the AHC denied it within the same 30 days, Appellant would still be required to file an appeal with this court

before the end of that 30 day time period; (3) If Appellant had filed the motion within the 30 days and the AHC made no decision before the 30 days was over, Appellant must have filed an appeal with this court before the expiration of the 30 days or he would be entitled to no additional remedy.

Appellant argues that it makes little sense to require a party awaiting determination of an after-trial motion by the Commission to file an appeal with this court in case the Commission denies or does not rule upon the motion within the 30 days.

Appellant Woodman's argument sounds worthy, but neither the statutory scheme provided in § 621.189 nor the rationale of *Eleven Star* provide any relief for a factual situation like the one in this case. The legislature might well look into a process whereby a party displeased with the AHC determination would be allowed to file a motion to give the AHC a chance to correct any errors, without, as here, causing the litigant to have to resort to the filing of a petition for review within the same 30 day time frame. If 30 days pass from the mailing or delivery of the AHC decision, the AHC cannot take further action, and in the same instance the litigant's right to review by the courts has also gone by the wayside. Even if a party files for reconsideration with the AHC within 30 days of the AHC's decision, if the AHC takes no action within that 30 days, unless the party has filed for review with the court within that *same* 30-day time period, the matter is over and a petition for review must be dismissed as untimely. Under the wording of § 621.189 and by the ruling in *Eleven Star*, a litigant must utilize a motion for rehearing quickly after the AHC decision. If no ruling on the motion is soon made, the litigant must file a petition for review, still within the 30 day window to keep the matter alive.

Therefore, since the Commission did not grant Appellant's motion to reconsider within the 30 days after its Findings and Conclusions, there was no toll on the time limit, and Appellant was required to appeal to this court "within thirty days after the mailing or delivery" of the Findings and Conclusions. This Appellant did not do. He filed this appeal on September 6, 1998. The petition for review was filed out of time and this court is without jurisdiction to hear it.

## II.

■ Regardless, even had this appeal been timely filed, Woodman's argument would have failed on its merits. The AHC found Woodman liable under § 143.751.4 and assessed a penalty against him in the amount of $29,247. Woodman claims the AHC erred in holding him liable under § 143.751.4 because such a finding is inconsistent with the AHC's additional finding that Woodman was not personally liable under § 143.241.2, RSMo Cum.Supp. 1993.[3] Appellant claims that a court cannot consistently find an individual to be a "responsible party" under § 143.751.4 after determining the same individual was not a "responsible party" under § 143.241.2.

As was made clear by our Supreme Court in *Garland v. Director of Revenue,* 961 S.W.2d 824 (Mo. banc 1998), § 143.751.4 and § 143.241.2 are two distinct statutes, applying different standards and serving different purposes. The Court found that holding the statutes to be so similar that an individual could only be punished under one but not the other would render the statutes redundant. "We do not presume that the legislature engages in redundant acts." *Id.* at 828 (citing *Missouri Hospital Ass'n v. Air Conservation Com.,* 874 S.W.2d 380, 395 (Mo.App.1994)). The *Garland* court's holding was that an individual could be found liable under both the statutes and be assessed both personal liability and additional penalties due to the statutes' differ-

---

**3.** The AHC concluded that the 1994 amendment to § 143.241.2 was inapplicable in this case, since it was amended subsequent to the tax periods at issue.

ences. From this reasoning, it is obvious one could be held liable under one statute without regard to the other. The two are distinct and not redundant. It was not error for the Administrative Hearing Commission to hold Appellant Woodman liable under § 143.751.4 while not holding him responsible under § 143.241.2.

Further, Appellant was clearly liable under § 143.751.4. To be liable under that statute an individual must be a "responsible person," who "willfully" failed to pay over withheld taxes. *Gephart v. U.S.*, 818 F.2d 469 (6th Cir.1987).[4] Woodman was clearly a responsible person. He was the president and sole officer of the corporation and one of only two shareholders, the other being his wife. Woodman had authority to sign checks and make decisions as to the disbursement of funds and payment to creditors. He had the authority to hire and discharge employees. These factors clearly point to Woodman as a responsible party under § 143.751.4. *See Barnett v. I.R.S.*, 988 F.2d 1449, 1455 (5th Cir.1993) (case delineating factors used to determine who is a responsible party under § 6672 of the IRC).

Additionally, Woodman clearly "willfully" failed to pay withheld taxes. Woodman received his first notice of tax delinquency from the Director in September 1994. However, after discovering the corporation owed Missouri taxes, Woodman continued to pay employee wages, paid current accounts payable, and made payments to the IRS. After September 1994, Woodman knew taxes were due, knew money was being used for other purposes, and therefore willfully failed to pay withholding taxes under § 143.751.4. *See U.S. v. Rem*, 38 F.3d 634, 643 (2nd Cir.1994).

Appellant Woodman's appeal to this court was not timely filed. This court is

without jurisdiction to entertain this appeal which is dismissed.

All Concur.

---

**4.** § 143.751.4 is modeled after and uses language nearly identical to § 6672 of the Internal Revenue Code. As there is little Missouri caselaw interpreting § 143.751.4, caselaw interpreting § 6672 is persuasive.