**Daniel J. VOSSMAN, R.PH., Appellant,**

v.

**STATE BOARD OF PHARMACY OF MISSOURI, Respondent.**

No. WD 58406.

Missouri Court of Appeals,
Western District.

Dec. 26, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 2001.

Kurt Valentine, Jefferson City, for Appellant.

Doug Leyshock, Jefferson City, for Respondent.

Before HOLLIGER, P.J., LOWENSTEIN and NEWTON, J.J.

LOWENSTEIN, Judge.

## Factual and Procedural History

After receiving notice of a judgment that the appellant, Daniel Vossman, pleaded guilty in circuit court to one felony count of making a false statement to receive a health care payment, § 191.905, RSMo 1994, the State Board of Pharmacy (Board) notified Vossman of a hearing to discipline his license pursuant to § 338.065, RSMo Cum.Supp.1999. This statute, as pertinent here, allows the Board to hold a disciplinary hearing where a licensee has been convicted of a felony in which fraud is an element. The statute also gives the Board authority to suspend or revoke licenses. Vossman failed to appear at his disciplinary hearing.

The transcript of the hearing shows the following statement by the president of the Board, Sharlea Leatherwood: "As president of the Missouri Board of Pharmacy, I'm presiding as chairman for the purpose of this hearing...." Evidence presented to Ms. Leatherwood and four members of the Board included Vossman's guilty plea to one count of a twenty-nine count Information of incidents of making false statements in dispensing drugs to various Medicaid patients. In response to Vossman's *Alford* plea, the circuit court suspended imposition of sentence, ordered thirty days of shock time, five years of probation and restitution. On the basis of this conviction, the Board on April 23, 1998, ordered Vossman's pharmacist license revoked without chance for reinstatement for five years. Delivery of the decision was received by Vossman on April 24, 1998.

On June 18, 1998, Vossman, through his attorney, filed a request for rehearing. He asserted that the notice of the hearing was not sent to his attorney and that Vossman's wife did not notify Vossman of the notice of hearing that was sent to his home. The record showed that only a notice by certified mail went to Vossman,

which was signed for by his wife. No notice was sent to Vossman's counsel. Vossman's request for a rehearing was granted.

At the second hearing Ms. Leatherwood again presided, and other Board members were in attendance. Evidence of the felony conviction was again introduced at this hearing. The Board then decided to revoke Vossman's license, but reduced the time for application for reinstatement to three years. The pivotal issue in Vossman's appeal to the circuit court was whether Ms. Leatherwood was precluded from presiding over later hearings. The circuit court affirmed the Board's decision.

Vossman argues that § 536.083, RSMo 1994, entitles him to a remand for another rehearing. Section 536.083 states:

> Notwithstanding any other provision of law to the contrary, in any administrative hearing conducted under the procedures established in this chapter, and in any other administrative hearing conducted under authority granted any state agency, no person who acted as a hearing officer or who otherwise conducted the first administrative hearing involving any single issue shall conduct any subsequent administrative rehearing or appeal involving the same issue and same parties. (Emphasis added.)

Before the court can reach the issue raised by Vossman, the court must consider, *sua sponte*, whether the Board acted within its jurisdiction in granting the second hearing and then reaching another result. If the Board lacked jurisdiction, then the circuit court would have never obtained jurisdiction, and this court would lack jurisdiction to review the merits. *Cantrell v. State Board of Registration For the Healing Arts*, 26 S.W.3d 824, 827 (Mo.App.2000).

Vossman's motion for rehearing was filed on June 19, 1998, 55 days after the Board's decision was delivered to him. This court in *Woodman v. Director of Revenue*, 8 S.W.3d 154, 157–59 (Mo.App.1999), relying on *Eleven Star, Inc., v. Director of*

*Revenue*, 764 S.W.2d 521, 522 (Mo.App. 1989), held that a party filing an after-trial motion with the Commission must do so within the same 30–day time limit as is applied to judicial appeals. *Woodman* went on to hold that if 30 days pass from the mailing or delivery of the agency determination, then the agency itself cannot take further corrective action, and a litigant has also lost the right for judicial review. Such is the case here. This court has no power to do anything other than dismiss the appeal. *Cantrell*, 26 S.W.3d at 828. This of course means that the Board's attempt to reform the initial decision was in vain, and leaves the court powerless to grant any relief or to rule upon the issue of first impression raised in this case. The result here is that the first decision of revocation, with a five-year time period before Vossman can apply for reinstatement, is final. The agency lacked authority to rehear the case, and the courts were deprived of jurisdiction to hear the appeal. As has been suggested before, the General Assembly is strongly urged to amend the law so that an agency has an adequate amount of time to reconsider its decisions without losing jurisdiction. *Woodman*, 8 S.W.3d at 159.

The appeal is dismissed.

All Concur.