**Gregory F.X. DALY, License Collector for the City of St. Louis, Missouri, Appellant,**

v.

**WARNER–JENKINSON MFG. CO., et al., Respondents.**

**No. ED 81135.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 17, 2002.

Mark J. O'Toole, Asst. City Counselor, St. Louis, MO, for appellant.

Thomas L. Caradonna, St. Louis, MO, for respondents.

MARY R. RUSSELL, Presiding Judge.

The License Collector for the City of St. Louis ("Collector") appeals from a circuit court judgment granting a motion to dismiss filed by Warner–Jenkinson Mfg. Co. ("Company"). The trial court agreed with the refusal of the State Tax Commission ("Commission") to review the chief hearing officer's decision on the merits because Collector's application for review was not timely filed. We find no error and affirm.

Collector assessed the value of the personal property of Company for its 1999 personal property tax. Company disagreed with the value assigned to its property and appealed Collector's assessment to the St. Louis City Board of Merchants' and Manufacturers' Tax Equalization ("Board"), which affirmed Collector's valuation. Company appealed Board's decision to Commission, where it was heard by the chief hearing officer, who issued his decision on August 8, 2001. The chief hearing officer set aside Board's decision and adopted Company's valuation of its property. He mailed his decision to the parties on August 8.

On September 10, Collector filed an application for Commission to review the decision of the chief hearing officer. Commission rejected Collector's application for review on the ground that it was untimely in that it was filed more than 30 days after "notification or mailing" of Commission's decision. *See* section 138.432 RSMo 2000.[1] Commission's decision stated that

> [t]he notice date or date of notification is the date when the Decision and

---

**1.** All further statutory references are to RSMo 2000 unless otherwise indicated.

Order was issued, in this instance, August 8, 2001. Had the Decision and Order been mailed on a date later than the date of notification, then [Collector] would have had 30 days from the date of mailing, as set out in the Decision and Order, in which to file his Application for Review.

■ Collector then filed a petition with the Circuit Court of the City of St. Louis. Collector argued that he received the mailed notice on August 10 and, as a result, the application for review he filed on September 10 was timely.[2] The trial court agreed with Commission's decision and denied review because Collector's application to Commission was untimely. Under the logic followed by Commission and the trial court, Collector's request for review was required to be filed on or before September 7. Collector subsequently filed this appeal.

■ Collector asserts in his point on appeal that Company's motion to dismiss was incorrectly granted because his application for review of the hearing officer's decision was timely filed in that it was filed within 30 days of the date he received the mailed decision of the hearing officer. We review the decision of Commission and not the trial court's decision. *Daly v. P.D. George Co.*, 77 S.W.3d 645, 648 (Mo.App. 2002).

■ Our review generally is limited to a determination of whether Commission's decision is supported by competent and substantial evidence based upon the whole record and whether it was arbitrary, capricious, unreasonable, unlawful, or in excess of Commission's jurisdiction. *Id.* However-

er, when the facts are undisputed, as in this case, and Commission's decision is based on its interpretation of the law, appellate review is a matter of our independent judgment. *See Oberjuerge Rubber Co. v. State Tax Comm'n of Mo.*, 674 S.W.2d 186, 187 (Mo.App.1984).

■ Section 138.432 proscribes the procedure for requesting Commission to review its decisions: A party "subject to a decision and order of a hearing officer, may file with the commission, within thirty days following the date of notification or mailing of such decision and order, an application to have such decision and order reviewed by the commission." *Cf.* 12 CSR 30–3.080(4) ("Within thirty (30) days following the date of notification or mailing of a decision and order of a hearing officer, a party may file with the commission an application to have the decision and order reviewed by the commission pursuant to section 138.432").

Company and Collector assert, and we agree, that the interpretation of the 30-day deadline in section 138.432 is a matter of first impression. The Supreme Court of Missouri, however, interpreted similar language from section 536.110.1 in *R.B. Industries, Inc. v. Goldberg*, 601 S.W.2d 5 (Mo. banc 1980).

Section 536.110 establishes the procedure for seeking judicial review of administrative decisions. It provides in pertinent part: "Proceedings for review may be instituted ... within thirty days after the mailing or delivery of the notice of the agency's final decision." Section

---

**2.** "[A]ppellate courts take judicial notice of calendars and dates on which a particular day of the week fell." *State ex rel. Mo. Highway and Transp. Comm'n v. Overall*, 73 S.W.3d 779, 782 (Mo.App.2002) (*quoting Haller v. Shaw*, 555 S.W.2d 703, 704 (Mo.App.1977)).

Under Collector's argument, the 30-day period for filing Collector's review ended on Sunday, September 9 and was extended until Monday, September 10. *See* section 506.060.1; Rule 44.01(a).

536.110.1.[3]

*Goldberg* involved a petition to review a sales and use tax assessment by the Director of Revenue ("Director"). 601 S.W.2d at 6. The party requesting review filed its petition in the circuit court 31 days after Director's decision was mailed and 27 days after it was received. *Id.* As in the instant case, the timeliness of the request for review in *Goldberg* hinged on whether the 30–day period began to run when the notice was mailed or when it was received by the parties. *See id.* The Supreme Court held that

> based solely on the language of section 536.110.1 ..., the thirty-day period began to run on ... the date of mailing. To hold otherwise would be (1) to render the use of the word "mailing" meaningless, and (2) to ignore the express provision of Rule 43.01(c) that "Service by mail is complete upon mailing."[4]

*Goldberg,* 601 S.W.2d at 6.

Collector argues that, despite the Supreme Court's holding in *Goldberg,* section 138.432 should be interpreted to the effect that the 30–day period did not begin until he received the notice mailed by Commission. He contends that the language of section 536.110.1 differs from that of section 138.432 and that "[p]rocedural statutes should be given a liberal rather than a technical construction in an effort to determine cases on the merits."

·Collector attempts to distinguish the phrase "mailing or delivery of the notice of the agency's final decision" in section 536.110.1 with the phrase "date of notification or mailing of such decision and order" in section 138.432. We find, however, that the import of the two statements is identi-cal. We agree with the trial court's analysis of section 138.432. Its judgment states:

> "Notice" and "delivery" are words customarily denoting physical tendering of documents. In other words, if a decision were never mailed, it could still have effect if it were served upon a party, as would be a subpoena or summons.... Once the Decision and Order was mailed, the time began to run on the thirty-day period in which to appeal, and the postal delivery date, uncertain under the facts in any event, is not relevant. To rule otherwise would create a new and highly subjective standard.

We find unpersuasive Collector's argument that the procedure in section 138.432 should be interpreted liberally so as to encourage a determination of the case on its merits. We note that Commission's decision expressly provided: "A party may file with the Commission an application for review of this decision within thirty (30) days *of the mailing* of such decision." (emphasis added). Furthermore, Collector's initial valuation of Company's property was reviewed by Board and by Commission's chief hearing officer. As such, he can hardly claim he was denied a determination on the merits or that he was unaware of the time restriction on his application for review.

■ Moreover, "[t]he failure to comply with the statutory time limitations for appeal from an administrative agency decision, whether to another administrative body or to a circuit court, results in the lapse of subject matter jurisdiction and the loss of right of appeal." *Fayette No. 1, Inc. v. Mo. Dept. of Soc. Servs.,* 853 S.W.2d

---

**3.** *Goldberg* cites to RSMo 1978, which is identical to the text of section 536.110.1 RSMo 2000.

**4.** Rule 43 governs service and filing of pleadings and papers in the circuit courts.

393, 396 (Mo.App.1993). Collector's failure to file a timely appeal with Commission divests it and the circuit court of subject matter jurisdiction. *Id.*

Collector's point on appeal is denied. The judgment of the trial court is affirmed.

CLIFFORD H. AHRENS and LAWRENCE G. CRAHAN, JJ., concur.