**EVERGREEN LAWN SERVICE, INC.,**
Petitioner-Appellant,

v.

**DIRECTOR OF REVENUE, State of
Missouri and Administrative
Hearing Commission, Respondents.**

No. 66377.

Supreme Court of Missouri,
En Banc.

Feb. 26, 1985.

Christopher F. Jones, Guy A. Schmitz, St. Louis, for petitioner-appellant.

John Ashcroft, Atty. Gen., Melodie A. Powell, Asst. Atty. Gen., Jefferson City, for respondents.

RENDLEN, Chief Justice.

Evergreen Lawn Service, Inc. (taxpayer) appealed to the Administrative Hearing Commission from the Director of Revenue's assessment of sales and conservation taxes, plus interest and penalties. The appeal procedure is governed by § 161.273, RSMo 1978.[1] Following hearing on review,

---

1. All statutory references are to RSMo 1978 unless otherwise indicated. Section 161.273 (transferred to § 621.050, RSMo Cum.Supp. 1984) provides in pertinent part:

   Except as otherwise provided by law, any person or entity shall have the right to appeal to the administrative hearing commission from any finding, order, decision, assessment or additional assessment made by the director of revenue. Any person or entity who is a party to such a dispute shall be entitled to a hearing before the administrative hearing

the Commission dismissed the petition, finding it had not been filed, as required by § 161.273, within thirty (30) days of the mailing or delivery of the director's decision to the taxpayer. The Court of Appeals, Western District, affirmed the dismissal; however, this Court ordered the cause transferred and it will be determined here as though on original appeal. Art. V, § 10, Mo. Const.

At issue is the meaning of the time limitation prescribed in § 161.273. Specifically, did a taxpayer who attempted to deliver and file his petition for review *on the thirtieth day*, when the thirtieth day happened to fall on a Saturday and the Commission failed to keep its offices open for business, meet the time requirement of that section? If attempted delivery and filing on the thirtieth day is not treated as a timely filing, the taxpayer argues that the Commission has "shortened" the statutory filing period by closing its offices on Saturday.[2]

The relevant facts are these:

The Director of Revenue apparently sent its assessment to taxpayer by certified mail on July 24, 1980.[3] On August 22nd taxpayer forwarded its petition for review to the Commission via Airborne Freight Corporation. Airborne attempted to deliver the petition for filing with the Commission on Saturday, August 23rd, the thirtieth day, but the offices of the Commission were closed and no one was present to receive or file the petition. The Commission marked the petition as filed on its *next* business day, Monday, August 25th, the thirty-second (32) day. Following hearing, at which both parties admitted to the jurisdiction of the Commission, the Commission entered its order dismissing the petition because not filed within the thirty day period.

■ The Commission argues filing did not occur until Monday, August 25, 1980, and that taxpayer is somehow controlled by § 161.350, RSMo Cum.Supp.1981 (effective August 13, 1980) even though the attempted filing was undertaken by personal delivery and not by registered mail.[4] The Commission's arguments must fail. Although § 161.350 permits filing by mail and provides if such mailing is by "registered mail" it shall be deemed filed as of the date of the postal registration, this is not the only permissible mode for delivery and filing of such papers. Indeed, the controlling section (§ 161.273) provides that a party to a dispute may proceed to hearing before the Commission "by the *filing* of a petition" with the Commission. There is no requirement that it be filed by mail or otherwise. If, however, the petitioner selects mailing as the means of filing, § 161.-350 governs. Attempted filing on the thirtieth day by a petitioner in person or by

---

commission *by the filing of a petition with the administrative hearing commission within thirty days after the mailing or delivery of a decision of the director of revenue with respect to such dispute.* The procedures applicable to the processing of such hearings and determinations shall be those established by chapter 536, RSMo.

     *   *   *   *   *   *

2. Following oral argument on January 18, 1985, this Court was informed by letter of the Attorney General dated January 28, 1985, that "a recent inquiry of the Administrative Hearing Commission reveals that someone from the Commission staff picks up the mail on Saturdays, goes to the Commission offices and stamps any mail with the Saturday date.... [T]his practice was begun in March, 1982. In light of the court's questions during oral argument ... it [is] important to inform the court that by these procedures, the Commission accepts Saturday filings." Thus, the problem

presented when delivery is *by mail* will not arise in cases presented to the Commission following this change in procedure.

3. No evidence has been presented as to the date the assessment was actually mailed; however, the assessment shows a "due date" August 23, 1980, and we assume for purposes of this discussion the mailing occurred July 24, 1980.

4. Section 161.350 (now transferred to § 621.-205) provides as follows:

    **Pleadings deemed filed, when.**—For the purpose of determining whether pleadings are filed within the time allowed by law for the filing of such pleadings, pleadings transmitted to the administrative hearing commission by registered mail, but not by certified mail, shall be deemed filed with the administrative hearing commission as of the date shown on the United States post office records of such registration and mailing.

any proper agent of the petitioner constitutes a proper mode of filing necessarily contemplated by the law. The petition dated August 22, 1980 was hand delivered to the Commission on Saturday and it must be deemed accepted on that date, and therefore timely filed, albeit not stamped by the Commission until the following Monday.

 The result reached by the Commission and urged here runs contrary to the express legislative intent that the taxpayer act *within* the thirty days prescribed by § 161.273. A fair construction of the statute mandates that the taxpayer be given the *full* thirty days in which to affect his appeal. *See Ball Stores, Inc. v. State Board of Tax Commissioners,* 262 Ind. 386, 316 N.E.2d 674 (1974). The Commission cannot, by its own rules or conduct, limit the time—or opportunity—for filing given by the statute. *See State Board of Registration for Healing Arts v. Masters,* 512 S.W.2d 150 (Mo.App.1974). The phrase "within thirty days" as used in § 161.273 means filing "on or before" the thirtieth day. In a temporal context, the word "within" means "on or before." Black's Law Dictionary 1437 (Rev. 5th ed. 1979).

When a petitioner attempts to file an appeal on the thirtieth day (and that terminal date falls on a Monday thru Saturday)[5] by personal delivery to the appropriate office but the actual filing is thwarted because the office is closed, the Commission must treat the petition as timely filed, at the time the office next opens. This approach does not require an "extension" of the statutory period when the terminal date falls on Saturday and relieves the Commission of the necessity to keep its offices open every Saturday. It also contemplates the possibility that the thirtieth day may fall on a week day which happens

---

to be a holiday in which State offices are closed.[6]

Thus, we hold that the Commission is deemed to have accepted the terminal Saturday filing when delivered to its offices (though closed) and to have processed the petition as timely filed on its next business day.

The order of the Administrative Hearing Commission dismissing taxpayer's appeal is reversed and the cause is remanded to the Commission for further proceedings thereon.

All concur.

---

5. Section 1.040 provides that Sunday is excluded as a terminal date.

6. This policy choice for administrative procedures reaches a result *consistent* with that which would obtain if the Rules of Civil Procedure were applicable. *See* Rule 44.01(a) and (e). The taxpayer need not rely on application of the civil rules, however, because its rights are expressly protected by § 161.273. Moreover, this Court has expressly rejected applying Rule 44.01 to administrative matters. *See R.B. Industries, Inc. v. Goldberg,* 601 S.W.2d 5 (Mo. banc 1980); *Springfield Park Central Hospital v. Director of Revenue,* 643 S.W.2d 599 (Mo.1983).