**688**

Thomas Francis **BENBROOK**,
Respondent,

v.

**DIRECTOR OF REVENUE**, State
of Missouri, Appellant.

No. 64853.

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
James A. Chenault, III, Sp. Asst. Atty. Gen.,
Mo. Dept. of Revenue, Jefferson City, for
appellant.

Anthony D. Linson, St. Charles, for re-
spondent.

CRIST, Judge.

The Director of Revenue (Director) ap-
peals from the decision of the Circuit Court
of St. Charles County to reinstate the driv-
er's license of Thomas Benbrook (Driver)
after it was revoked for his failure to submit
to a chemical test, § 577.041, RSMo Supp.
1993. We reverse and remand with di-
rections.

On April 2, 1993, Director mailed notice to
Driver of its intention to revoke his opera-
tor's license for one year for his failure to
submit to a chemical test. On May 5, 1993,
thirty-three days later, Driver filed a petition
with the trial court requesting it review the
Director's decision. In that petition, Driver
admitted he had received by mail notice of
revocation dated April 2, 1993. On June 7,
1993, Director filed a motion to dismiss Driv-
er's petition. Director contended the trial
court was without subject matter jurisdiction
to consider the petition because it had not
been filed within thirty days of the mailing of
the notice of revocation. The trial court
denied Director's motion to dismiss, finding
Supreme Court Rule 44.01(e) extended the
period of thirty days by three additional
days. On August 18, 1993, an assistant pros-
ecuting attorney for St. Charles County con-
fessed judgment in the case and the court
ordered the revocation rescinded.

Director appeals from the denial of its
motion to dismiss the petition for lack of
subject matter jurisdiction. Director con-
tends Driver's failure to file his petition for
review within thirty days from the date Di-
rector mailed notice of revocation divests the
circuit court of subject matter jurisdiction.

■ A driver whose license has been re-
voked may appeal to the proper circuit court
"in the manner provided by chapter 536,
RSMo, for the review of administrative deci-
sions at any time within thirty days after
notice" of revocation. § 302.311, RSMo
1986; *See also, Romans v. Director of Reve-*

*nue,* 783 S.W.2d 894, 896 (Mo. banc 1990) (thirty-day time limit of § 302.311 applies to revocations under § 577.041). Chapter 536 provides the thirty-day period runs from "the date of delivery or mailing of notice of the agency's decision...." § 536.110.2, RSMo 1986. Notice of revocation will be mailed unless the enforcement officer has already served it. § 302.515, RSMo 1986; *Welch v. Director of Revenue,* 859 S.W.2d 230, 231 (Mo.App.1993).

Here, Driver made no allegation the enforcement officer served him or any other date of delivery. Instead, the record reveals notice was mailed on April 2, 1993. Indeed, Driver admits in his petition for review he received notice of revocation with a mail date of April 2, 1993. Therefore, in Driver's case, Driver must have filed his petition for review with the circuit court on or before May 3, 1993. (Note: May 2, 1993, is a Sunday.) *See Welch,* 859 S.W.2d at 231[3]. Driver failed to do so.

Driver argues Rule 44.01(e) provides him an additional three days after mailing to file his petition. However, Rule 44.01(e) does *not* apply to administrative decisions. *Ramey v. Director of Revenue,* 865 S.W.2d 442, 443 (Mo.App.1993); *Welch,* 859 S.W.2d at 231 n. 3. Therefore, Driver does not obtain an additional three days in which to file his petition.

■ Driver's failure to file a timely petition for review deprives the court of subject matter jurisdiction. *Romans,* 783 S.W.2d at 896; *Welch,* 859 S.W.2d at 231. Without subject matter jurisdiction, any action taken by the circuit court is null and void. *Ferguson v. Director of Revenue,* 783 S.W.2d 132, 133 (Mo.App.1989). In addition, the prosecuting attorney's confession of judgment cannot vest the circuit court with subject matter jurisdiction. *Pool v. Director of Revenue,* 824 S.W.2d 515, 517[6] (Mo.App.1992); *Feldmann v. McNeill,* 772 S.W.2d 409, 410 (Mo.App.1989). Therefore, the court's rescission of the revocation of Driver's license is null and void. The only proper action is dismissal of Driver's petition. *See,* Rule 55.27(g)(3).

We reverse and remand to the circuit court with directions it dismiss Driver's petition for review.

CRANDALL, P.J., and REINHARD, J., concur.