**Donald Lee DARR, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. 65096.

Missouri Court of Appeals, Eastern District, Division One.

June 14, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Charles H. Billings, Mary P. Schroeder, St. Louis, for respondent.

CRIST, Judge.

The Director of Revenue (Director) appeals from the decision of the trial court to reinstate the driver's license of Donald Lee Darr (Driver). We reverse and remand.

On March 26, 1993, Driver was arrested for driving while intoxicated. The arresting officer asked Driver to submit to a chemical test pursuant to § 577.041, RSMo Supp.1993. After conducting the chemical test, the officer informed Driver his driver's license was being revoked for one year pursuant to § 302.505, RSMo Supp.1993. The officer also told Driver he had fifteen days within which to file a request for a hearing to challenge the revocation, pursuant to § 302.-525, RSMo Supp.1993. Driver mailed his request for a hearing on April 12, 1993.

On June 18, 1993, Director filed a motion to dismiss Driver's petition for lack of subject matter jurisdiction, asserting Driver failed to file a timely request for a hearing. On October 4, 1993, the trial court entered an order reinstating Driver's license. On appeal, Director contends this reinstatement was in error because Driver's petition for review was filed untimely, depriving the court of jurisdiction.

Both parties concede the procedure for filing a petition for review is set forth in § 302.525.1, which states:

The license suspension or revocation shall become effective fifteen days after the subject person has received the notice of suspension or revocation as provided in section 302.520, or is deemed to have received the notice of suspension or revocation by mail as provided in section 302.515. *If a request for a hearing is received by or postmarked to the department within that fifteen-day period,* the effective date or the suspension or revocation shall be stayed until a final order is issued following the hearing; provided, that any delay in the hearing which is caused or requested by the subject person or counsel representing that person without good cause shown shall not result in a stay of the suspension or revocation during the period of delay. (Emphasis added.)

Driver also admits the fifteen-day period he had to file a request for a hearing expired on April 10, 1993. However, he argues because April 10 was a Saturday, he had until Monday, April 12, 1993, to file his petition for review.

In arguing his request was timely, Driver relies on § 621.205.2, RSMo Supp.1993, which governs filings with the Administrative Hearing Commission (AHC). This statute states:

When the last day prescribed for performing any act prescribed by this chapter or chapter 536, RSMo, or the commission, falls on a Saturday, Sunday, or a legal holiday in this state, the performance of such act shall be timely if it is performed on the next succeeding day which is not a Saturday, Sunday, or a legal holiday.

Director argues this statute is inapplicable as Driver sought a hearing pursuant to § 302.525, and this statute specifically provides requests for hearings must be received by or postmarked to the Director within fifteen days.

In response, Driver argues the provisions of § 621.205.2 should be applied in this case because § 302.525 does not specifically address situations where the deadline for filing a request for a hearing falls on a weekend or a legal holiday. We disagree. Section 621.-205 is irrelevant to this case. Driver requested a hearing by the Director of Revenue, not the AHC. Moreover, Driver could have filed his request on the date of the deadline simply by having it postmarked to the Department of Revenue on that date.

Driver's reliance on *Evergreen Lawn Service, Inc. v. Director of Revenue,* 685 S.W.2d

829 (Mo. banc 1985), is also misplaced. In *Evergreen Lawn,* a petition which was marked as being filed on Monday was deemed timely where the petition was delivered on Saturday, the filing deadline, but no one was available to mark it as filed. *Id.* at 830[1]. The Court noted this result was not based on Rule 44.01, which also excludes weekends and holidays as deadlines, as the Rules of Civil Procedure are inapplicable to administrative actions. *Id.* at 831 n. 6; *See also R.B. Industries, Inc. v. Goldberg,* 601 S.W.2d 5 (Mo. banc 1980).

Here, Driver could have gotten his request postmarked on April 10, 1993, the filing deadline. Therefore, his request postmarked April 12, 1993, was untimely.

As Driver failed to file his request for a hearing within the statutory time limitations, the trial court lacked subject matter jurisdiction over the petition, and any action taken by it is considered null and void. *Evans v. Director of Revenue,* 871 S.W.2d 90, 91[3, 4] (Mo.App.1994).

The trial court's decision is reversed and remanded with directions to dismiss Driver's petition.

CRANDALL, P.J., and REINHARD, J., concur.