Roy FRANKLIN, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 50406.

Missouri Court of Appeals,
Western District.

Nov. 21, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald D. Pridgin, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

James D. Walker, Jr., Kansas City, for respondent.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

SPINDEN, Presiding Judge.

Roy Franklin wrecked his automobile twice. He had not obtained liability insurance coverage for his car either time. When the Director of Revenue suspended his driver's license for a year pursuant to § 303.042.2(2),[1] he appealed to the circuit court contending that the director had exceeded her authority. The circuit court agreed and set aside the suspensions. We reverse and remand.

Franklin's first wreck occurred on December 12, 1993. The second was on January 27, 1994. Franklin did not have liability insurance on his car as required by § 303.025.[2]

The director confusingly acted on the second wreck first. On April 1, 1994, she sent Franklin notice that because he did not have insurance coverage for his car on January 27, 1994, his driver's license would be suspended for 60 days beginning on May 4, 1994. Four days later, on April 5, 1994, she sent him a second notice telling him that because he did not have insurance coverage for his car on December 12, 1993, his driver's license would be suspended for a year beginning on May 8, 1994.

Franklin responded to both notices by requesting an administrative hearing. The director's administrative hearing officer convened one hearing on both notices on May 25, 1994. The director issued separate decisions.[3] On July 15, 1994, the director issued a decision finding that Franklin had not complied with § 303.025's mandate that he maintain financial responsibility on his vehicle on January 27, 1994, and she ordered the suspension of Franklin's driving privileges for 60 days. Three days later, the director issued a second decision concerning the first accident on December 12, 1993. This decision determined that Franklin had not complied with § 303.025, and, because this was his second violation of § 303.025, the director ordered suspension of his driving privileges for one year pursuant to § 303.042.2(2).

On August 16, 1994, Franklin filed a petition for *de novo* review of both decisions in the circuit court of Jackson County. After a hearing, the circuit court issued an order dated December 19, 1994, saying, "Evidence heard. Issues for the Petitioner." The circuit court did not explain the basis for its reversal.[4] The director contends on appeal that the circuit court's setting aside the suspensions was wrong because the court lacked jurisdiction to consider the first decision and

---

1. All statutory references are to Missouri Revised Statutes 1994.

2. Section 303.025.1 says, "No owner of a motor vehicle registered in this state shall operate the vehicle, or authorize any other person to operate the vehicle, unless the owner maintains the financial responsibility as required in this section[.]"

3. We say that the director issued the decisions although an administrative hearing officer signed them because the decisions declared that they were "the final decision[s] of the Director of Revenue," as required by § 303.290.1 No one challenges the decisions as not being the director's decisions.

4. Section 303.290.2 says, "Upon such appeal the cause shall be heard de novo and the circuit court may determine the reasonableness of the director's decision, finding or order, and in disposing of the issues before it may modify, affirm, or reverse the decision, finding or order in whole or in part." We presume that the circuit court concluded that the director's decision was wholly unreasonable.

because the director established that Franklin violated § 303.025 twice.

■ Section 303.290.2 authorizes an appeal of the director's decision to the circuit court but requires that the appeal be "within thirty days after notice is given the licensee of [the director's] decision, finding or order." We interpret "within thirty days" to mean that the appeal must be filed on or before the 30th day. *See Evergreen Lawn Service, Inc. v. Director of Revenue,* 685 S.W.2d 829, 831 (Mo. banc 1985). The director issued her first decision on July 15, 1994. The 30th day after that would have been on August 14, 1994. Because August 14 was a Sunday, Franklin's appeal would have been timely had it been filed on August 15, 1994. Rule 44.01(a).

■ Franklin's petition missed the 30–day deadline. This deprived the circuit court of jurisdiction to consider the director's first decision issued on July 15, 1994. *See R.B. Industries, Inc. v. Goldberg,* 601 S.W.2d 5, 7 (Mo. banc 1980). The circuit court should not have set aside the director's suspension ordered on July 15, 1994. Franklin has not contested the issue because he concedes "that the suspension of his license for 60–days was proper[.]"

■ As to the director's one-year suspension ordered on July 18, 1994, we agree with the director that because Franklin had a prior suspension when she issued her order, his license was subject to a one-year suspension pursuant to § 303.042.2(2). That statute authorizes a one-year suspension "if the person's record shows one prior suspension for failure to maintain the required financial responsibility as provided for in section 303.025[.]" It does not matter that the prior suspension was for an accident which occurred after the accident which gave rise to the director's second suspension.

That the director issued the suspension notice for the January 1994 violation before she issued the notice for the December 1993 violation did not exempt Franklin from the penalties of § 303.042. We find nothing in § 303.042 requiring the director to act on alleged violations in chronological order. We fail to discern how the director's taking the accidents out of chronological order prejudiced Franklin in any way.

■ Franklin argues that the director's action constituted an unconstitutional *ex post facto* application of the law. This argument is without merit. The prohibition against *ex post facto* laws applies only to criminal legislation. "Proceedings involving the revocation of driving privileges impose civil, not criminal penalties." *Jones v. Director of Revenue,* 855 S.W.2d 495, 496 (Mo.App.1993).

■ Even if this were not the case, the director's considering the wrecks out of chronological order did not constitute an *ex post facto* application of the law. Generally, an *ex post facto* law is one (a) which mandates punishment as a crime an act committed before enactment of the law and which was not a crime when committed, or (b) makes punishment for a crime more burdensome after its commission, or (c) deprives a defendant of any defense available according to law when he committed the charged act. *State v. Casaretto,* 818 S.W.2d 313, 316 (Mo. App.1991) (*citing Collins v. Youngblood,* 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990)). The director's action did not fall within any of these situations.

To interpret the statute in any other way would be contrary to the General Assembly's intention to hold vehicle owners strictly liable for violations of § 303.025 and to enhance the penalty for repeat offenders. A vehicle owner is strictly liable for complying with § 303.025. *Martens v. Director of Revenue,* 819 S.W.2d 778, 781 (Mo.App.1991). Franklin failed to comply with § 303.025 twice; therefore, the director properly suspended his driving privileges for one year pursuant to § 303.042.2(2).

We, therefore, reverse the judgment of the circuit court and remand the cause so the circuit court can enter judgment in favor of the director.

All concur.