v.

STATE of Missouri, Respondent.

No. 72925.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 18, 1998.

George D. GILBERT, Jr., Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 73445.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 18, 1998.

Before PUDLOWSKI, P.J., and CRANDALL and AHRENS, JJ.

### ORDER

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, John F. Brink, Asst. Atty. Gen., St. Louis, for appellant.

Michael Wade Clark, Washington, for respondent.

KAROHL, Judge.

The Director of Revenue, (Director) appeals from a judgment and order setting aside a sixty-day suspension of George D. Gilbert, Jr.'s (licensee) driver's license that was ordered by the Administrative Hearing Officer. The suspension was ordered for failure of licensee to prove financial responsibility after a motor vehicle collision. We find licensee's petition for review was untimely filed and hold the trial court lacked subject matter jurisdiction. We reverse and remand for dismissal of licensee's petition for review.

The relevant and undisputed facts are as follows. At an administrative hearing, licensee refused to offer proof of financial responsibility. On November 22, 1996, the Administrative Hearing Officer, on behalf of Director, sent a certified mail notice to licensee that it had been determined he was uninsured, a violation of section 303.025.1 RSMo 1994, with respect to a motor vehicle collision. Licensee was advised that he could appeal to the circuit court pursuant to section 303.290.2 RSMo 1994. Licensee filed a petition for review in the Circuit Court of Franklin County on December 24, 1996.

For the purpose of determining the thirty-day limitation in sections 302.311 and 303.290 RSMo 1994, the date of notice is the date of mailing of the administrative decision. *Benbrook v. Director of Revenue*, 873 S.W.2d 688, 689 (Mo.App. E.D.1994). "Rule 44.01(e) does not apply to administrative decisions." *Id.* Licensee filed the petition for review thirty-two days after legal notice of the administrative decision that ordered suspension of his driver's license privileges for sixty days. Licensee's failure to timely file the petition for review deprived the circuit court of subject matter jurisdiction. *Benbrook*, 873 S.W.2d at 689. Accordingly, the judgment setting aside the suspension of licensee's driver's license is null and void. *Id.*

We reverse and remand for dismissal of licensee's petition for review.

ROBERT G. DOWD, Jr., C.J. and PUDLOWSKI, J., concur.