**Kenneth KALB, Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE
OF MISSOURI, Respondent
/Appellant.**

**No. ED 76234.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 13, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

No brief filed for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

The Director of Revenue (Director) appeals from the circuit court judgment reinstating the driving privileges of the petitioner, Kenneth Kalb, pursuant to Section 303.290.2 RSMo (1994). Director contends that because petitioner did not file his petition for review in the trial court within the statutorily required 30–day period, the trial court lacked subject matter jurisdiction and the trial court's decision should be reversed.

On July 27, 1998, Director held a hearing to determine if petitioner's driving privileges should be suspended for failing to maintain financial responsibility pursuant to Section 303.025 RSMo (Cum.Supp. 1997). On August 17, 1998, Director notified petitioner by certified mail that his driving privileges would be suspended for 60 days and notified petitioner that he had thirty days "after notice is given" of the final decision pursuant to Section 303.290.2 in which to file a petition for review of the decision in the trial court. On September 18, 1998, 32 days after notice of the suspension was mailed, petitioner filed his petition for review in the trial court. Di-

rector moved to dismiss for lack of subject matter jurisdiction. The trial court heard the matter and reversed Director's decision on the grounds it was unreasonable. On appeal Director contends that the trial court erred in setting aside the license suspension because the trial court did not have subject matter jurisdiction as required by Section 303.290.2.

■ On appeal, we review the decision of the trial court, not of the director. *Altman v. Director of Revenue*, 926 S.W.2d 705, 706 (Mo.App.1996). The decision of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.; Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ For Director's sole point, he contends that the trial court erred in setting aside the petitioner's revocation because the trial court did not have subject matter jurisdiction, pursuant to Section 303.290.2, due to petitioner's failure to file his petition for review of the administrative decision within the statutorily prescribed 30-day period.

Section 303.290.2 RSMo (1994), states in relevant part, that:

[a]ny decision, finding or order of the director ... shall be subject to review by appeal to the circuit court of the county of the residence of the licensee, at the instance of any party in interest ... at any time *within thirty days* after notice is given the licensee of such decision, finding or order.

Section 303.290.2 (emphasis added).

■ The date notice is given is the date of mailing of the administrative decision. *Gilbert v. Director of Revenue*, 974 S.W.2d 655, 656 (Mo.App.1998). Rule 44.01(e), which provides petitioner with an additional three days after mailing to file his petition, does *not* apply to administrative decisions. *Benbrook v. Director of Revenue*, 873 S.W.2d 688, 689 (Mo.App. 1994). The phrase "within thirty days"

has been interpreted to mean that the appeal must be filed on or before the thirtieth day. *Franklin v. Director of Revenue*, 909 S.W.2d 759, 761 (Mo.App. 1995). Failure to timely file the petition for review deprives the trial court of subject matter jurisdiction. *Gilbert*, 974 S.W.2d at 656. Without subject matter jurisdiction, any action taken by the trial court is null and void. *Benbrook*, 873 S.W.2d at 689.

■ Here, Director gave notice on August 17, 1998 when he sent petitioner the letter notifying him of the suspension. The thirtieth, and thus final day, on which to file the petition for review was September 16, 1998. Petitioner untimely filed his petition in the trial court on September 18, 1998, thirty-two days after he received notice of the suspension. Because petitioner did not file his petition for review within the 30-day time period, the trial court lacked subject matter jurisdiction and its decision reversing the director's suspension is null and void. Point one is granted.

The trial court's judgment is reversed and the case is remanded with instructions to the trial court to dismiss the petition.

ROBERT G. DOWD, Jr., J. and SHERRI B. SULLIVAN, J. concur.