**Marguerite Cramer WHITELAW,**
**Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE,**
**Respondent–Appellant.**

No. ED 79562.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 19, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 8, 2002.

Application for Transfer Denied
May 28, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, MO, for appellant.

W. Bevis Schock, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The Director of Revenue appeals from the judgment setting aside a suspension of driving privileges for insufficient notice under Missouri's "zero tolerance" law. Director argues that the trial court was without subject-matter jurisdiction to hear a challenge to the notice; further, the Director argues, even if the court did possess such jurisdiction, the court erred in finding the notice insufficient. We hold the court did have subject-matter jurisdiction to hear the challenge to notice. However, because we also hold the statute governing notices served by arresting officers does not mandate specific notice that driver was arrested upon probable cause of having committed a traffic offense, we reverse and remand the judgment for reinstatement of the suspension of driving privileges.

A 16–year–old driver, Marguerite Cramer Whitelaw, was stopped for failing to yield the right-of-way and was taken to the police station on suspicion of driving while intoxicated. After a breath test revealed a blood alcohol content of .061%, the arresting officer served the driver with a notice of suspension of her driving privileges.[1] She also was issued a summons for failing to yield the right-of-way.

Following an administrative hearing in which the driver's suspension was upheld, a trial de novo was held pursuant to section 302.535 RSMo.2000.[2] The driver argued that the notice served was deficient because, despite a law mandating that notices of suspension issued by the department of revenue must "clearly specify the reason and statutory grounds for the sus-

---

1. Section 302.505.1 RSMo.2000, in pertinent part, mandates that "[t]he department shall suspend or revoke the license of any person upon its determination that the person .... was less than twenty-one years of age when stopped and was stopped .... upon probable cause to believe such person violated a state, county or municipal traffic offense and such person was driving with a blood alcohol content of two-hundredths of one percent or more by weight."

2. All further statutory references are to RSMo.2000, unless otherwise indicated.

pension,"[3] the notice here failed to specify the foundational traffic offense.[4] The commissioner sustained the Director's suspension of the driver's driving privileges. But upon rehearing, the circuit judge found that the notice given the driver did not comply with sections 302.515.3 and 302.505.1, in that the notice failed to specify there was probable cause to believe the driver had violated a state, county, or municipal traffic offense. Consequently, the judge set aside the suspension of the driver's driving privileges. Director appeals.

## ANALYSIS

■ First we shall address Director's claim that the trial court was without jurisdiction to consider the driver's challenge to the notice. For, if jurisdiction was lacking, any action the court took, other than dismissal, was null and void. *See e.g., Kalb v. Director of Revenue, State of Mo.,* 32 S.W.3d 126, 128 (Mo.App. E.D.2000). Director constructs her argument on language in section 302.530.4 that provides: "The sole issue at the hearing shall be whether ... the person was driving a vehicle pursuant to the circumstances set out in section 302.505." Director claims this language deprives the administrative agency of subject-matter jurisdiction to hear a challenge to its notice. Consequently, Director claims, this language also deprives the trial court of subject-matter jurisdiction, since its jurisdiction is derived from that of the agency. Director posits that, to challenge a deficient notice, the driver needed to file a challenge pursuant to section 302.311 which contains no such limit-

ing language. Finally, the Director reasons that, because the driver's challenge was not filed within the mandatory time limits of section 302.311, the trial court lacked subject-matter jurisdiction to hear a challenge to the notice.

■ We reject the premise of Director's argument—that section 302.530.4 operates to deprive the agency of subject-matter jurisdiction to hear a challenge to a notice. Director fails to cite any authority for the premise of his argument. Nor have we found any such authority. Our primary role in interpreting statutes is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. *Weicht v. Suburban Newspapers of Greater St. Louis, Inc.,* 32 S.W.3d 592, 599 (Mo.App. E.D.2000). Here we believe the plain and ordinary meaning of the statute evinces a legislative intent to define the scope of issues before the administrative fact-finder. We find no evidence of a legislative intent to deprive an agency, or a court, of subject-matter jurisdiction to consider ancillary procedural issues, such as notice.

■ Our finding is also consistent with the dictates of due process. Where possible, we are to interpret statutes so as to harmonize the statute with the constitution. *In re Link,* 713 S.W.2d 487, 493 (Mo. banc 1986). It is well established that driver's licenses "are not to be taken away without that procedural due process required by the Fourteenth Amendment" *Dixon v. Love,* 431 U.S. 105, 112, 97 S.Ct.

---

3. See section 302.515.3

4. The preprinted notice issued informed Driver that "As a result of your arrest or stop based upon probable cause to believe you were driving a motor vehicle while the alcohol concentration in your blood exceeded the limits provided in Section 302.505, RSMo,

your driving privilege will be suspended or revoked 15 days from the date this notice is issued. ....." Yet driver in this case was not stopped based on such probable cause, but rather was stopped upon probable cause to believe she had failed to yield the right-of-way.

1723, 52 L.Ed.2d 172 (1977) *quoting Bell v. Burson*, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Jarvis v. Director of Revenue*, 804 S.W.2d 22, 24 (Mo. banc 1991). "The due process clause requires a "meaningful" hearing in which consideration of all elements essential to the decision as to whether a license to operate a vehicle may be suspended are considered." *Jarvis*, 804 S.W.2d at 24. Due process also requires that the government must give notice in order to deprive a person of a property interest. *Dabin v. Director of Revenue*, 9 S.W.3d 610, 615 (Mo. banc 2000). Sections 302.500 et seq. set forth provisions for suspending and revoking driving privileges for driving under the influence, as well as a procedure for a driver to obtain review of their suspension, first by an administrative hearing, and thereafter before the circuit court. It seems improbable that the legislature would establish methods of review in a comprehensive statutory scheme, yet require an aggrieved party seeking review of a claimed deficiency under those same statutes to turn to a separate statutory review mechanism for its adjudication. We hold that section 302.530.4 does not deprive the agency, or the court, of subject-matter jurisdiction to hear a challenge to a notice.

■■ We now address the question of the notice in this case mindful of our standard of review pursuant to *Murphy v. Carron*. The decision will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Trumble v. Director of Revenue*, 985 S.W.2d 815, 817 (Mo.App. E.D.1998); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Here, the court misapplied the law in ruling that the notice the driver received was insufficient because it did not comply with sections 302.515.3 and 302.505.1.

Importantly, the driver makes no claim that she was in doubt as to why she was stopped, or why suspension of her driving privileges was sought and ordered. Nor does she argue that the inaccurate notice she received in fact misled her. Rather she makes the narrow argument that the preprinted notice she received from the arresting officer failed to specify that there was probable cause that she had committed a traffic offense in violation of section 302.515.3.

Section 302.515.3 provides that the notice of suspension "shall clearly specify the reason and statutory grounds for the suspension . . . ." Based on this provision, the driver argued, and the judge ruled, that the notice was insufficient because it did not mention the foundational traffic offense as to which, in this case, Director would need to establish probable cause in order to suspend the driver's driving privileges. However, the driver's argument is flawed. Section 302.515 applies only to notices issued by the department to a person who had not already been served by the arresting officer as provided in section 302.520. In this case, the notice served upon the driver was not issued pursuant to 302.515. Rather, the driver was personally served notice by the arresting officer, while she was still in custody, as provided for in 302.520.

■ The driver argues that the same requirements for notice listed under section 302.515 should apply to notices served under 302.520. We disagree. Unlike section 302.515, section 302.520 has no such specific requirements for the form of notice. As stated above, our primary role in interpreting statutes is to ascertain the intent of the legislature from the language used. *Weicht*, 32 S.W.3d at 599. The legislature is presumed to have intended

what the law states directly and to have acted intentionally when it includes language in one section of a statute but omits it from another section of the same act. *See State ex rel. Bunker Resource, Recycling and Reclamation, Inc. v. Dierker,* 955 S.W.2d 931, 933 (Mo.1997); *Jantz v. Brewer,* 30 S.W.3d 915, 918 (Mo.App. S.D. 2000); *Metro Auto Auction v. Dir. of Revenue,* 707 S.W.2d 397, 404 (Mo. banc 1986); *Midwest Gas User's v. Public Service Comm'n,* 996 S.W.2d 608, 616 (Mo.App. 1999). "A disparate inclusion or exclusion of particular language in another section of the same act is "powerful evidence" of legislative intent." *Jantz,* 30 S.W.3d at 918; *Midwest Gas,* 996 S.W.2d at 616. By not including the language from section 302.515 in section 302.520, we presume the legislature did not intend for notices served under 302.520 to follow the specific requirements set out in section 302.515. Furthermore, there is an obvious reason that a notice served under 302.520 would not need to specify the foundational traffic offense. This is because in all likelihood, as is the case here, the driver will be issued a traffic summons obviating any need for notice of the foundational traffic offense. In ruling that the notice the driver received was insufficient because it did not comply with sections 302.515.3, the court misapplied the law, and thus, guided by our standard of review, we cannot affirm the court's ruling.

The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment reinstating the suspension of driving privileges.

SHERRI B. SULLIVAN, P.J., and LAWRENCE G. CRAHAN, J., concur.