Andrew E. VENKER, Respondent,

v.

DIRECTOR OF REVENUE, State
of Missouri, Appellant.

No. ED 80251.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 16, 2002.

Jeremiah W. (Jay) Nixon, Ronald Q. Smith, Jefferson City, MO, for appellant.

Clement E. Burns, Jr., Clayton, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Director of Revenue ("Director") appeals the judgment of the Circuit Court of St. Louis County reinstating Andrew E. Venker's ("Driver") driving privileges under the "zero tolerance" law. The trial court found notice to Driver was insufficient and, therefore, fatally defective. We reverse and remand.

Driver was stopped for speeding on November 11, 2000. Driver was 17 at the time of the stop. Officer Wandless noted a strong smell of alcohol on Driver's breath. The officer performed four field sobriety tests: the alphabet test, the one-leg stand, the walk-and-turn, and gaze nystagmus. Driver failed the walk-and-turn, the one-leg stand, and the gaze nystagmus tests. Driver was transported to the Glendale Police Department. Driver consented to a breath test which yielded results of .029% blood alcohol level. Driver signed Missouri Department of Revenue form "Notice of Suspension/Revocation of Your Driving Privilege" while he was in custody. Director's sole point on appeal asserts the trial court erred in holding that the notice to driver was insufficient.

Our review of the trial court's judgment is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Therefore, we must affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. However, we are not required to defer to the trial court's findings when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict. *Pendergrass v. Director of Revenue*, 4 S.W.3d 599, 601 (Mo.App.1999).

The pertinent statute in this case is section 302.520(2) RSMo 2000[1] which states in part: "... [w]hen the officer takes possession of a valid driver's license issued by this state, the officer ... shall issue a temporary permit which ... shall also give the person arrested a notice which shall inform the person of all rights and responsibilities pursuant to sections 302.500 to 302.540." This court recently dealt with the interpretation of this statute in *Whitelaw v. Director of Revenue*, 73 S.W.3d 731(Mo.App.2002). In *Whitelaw*, a 16-year-old stopped for a traffic violation was later found to have a blood alcohol level of .061%. She signed the same form used in this case while in custody. This court held that this notice when given while the offender was in custody was sufficient. *Id.* at 735. Accordingly, we reverse the judgment for the reasons set forth in *Whitelaw* and remand for reinstatement of the suspension.

SHERRI B. SULLIVAN, P.J., and
LAWRENCE E. MOONEY, J., concurs.

---

1. Unless otherwise specified, all statutory references are the RSMo 2000.