INSURANCE COMPANY OF the STATE OF PA, Appellant,

v.

DIRECTOR OF REVENUE AND DIRECTOR OF INSURANCE, Financial Institutions & Professional Registration, Respondents.

Illinois National Insurance Company, Appellant,

v.

Director of Revenue and Director of Insurance, Financial Institutions & Professional Registration, Respondents.

American International South Insurance Company, Appellant,

v.

Director of Revenue and Director of Insurance, Financial Institutions & Professional Registration, Respondents.

American Home Assurance Company, Appellant,

v.

Director of Revenue and Director of Insurance, Financial Institutions & Professional Registration, Respondents.

Granite State Insurance Group, Appellant,

v.

Director of Revenue and Director of Insurance, Financial Institutions & Professional Registration, Respondents.

New Hampshire Insurance Company, Appellant,

v.

Director of Revenue and Director of Insurance, Financial Institutions & Professional Registration, Respondents.

National Union Fire Insurance Co. of Pittsburgh, PA, Appellant,

v.

Director of Revenue and Director of Insurance, Financial Institutions & Professional Registration, Respondents.

AIU Insurance Company, Appellant,

v.

Director of Revenue and Director of Insurance, Financial Institutions & Professional Registration, Respondents.

Nos. SC 89080, SC 89081, SC 89082, SC 89106, SC 89107, SC 89108, SC 89109, SC 89110.

Supreme Court of Missouri, En Banc.

Nov. 4, 2008.

Marc H. Ellinger, James B. Deutsch, Jane A. Smith, Blitz, Bardgett & Deutsch, L.C., Jefferson City, MO, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Mark Stahlhuth, Mo. Dept of Insurance, Financial Institutions & Professional Regulation, Jan Hemm Pritchard, Mo. Dept. of Revenue, Jefferson City, MO, for respondents.

MARY R. RUSSELL, Judge.

Insurance Company of the State of PA, Illinois National Insurance Company, American International South Insurance Company, American Home Assurance Company, Granite State Insurance Group, New Hampshire Insurance Company, National Union Fire Insurance Company of Pittsburgh, and AIU Insurance Company (collectively "Insurers") seek review of the Administrative Hearing Commission's ("AHC") decisions finding that they did not timely file tax refund requests for their 2004 insurance premium tax payments.[1] The AHC's decisions are affirmed, as Insurers' premium tax refund requests were

1. This Court has jurisdiction to review the AHC's decisions pursuant to Mo. Const. art. V, sec. 3, as the cases involve construction of the state revenue laws.

not timely filed under section 136.035, RSMo Supp.2007.[2]

## I. Background

Insurers are out-of-state companies that do business in Missouri. Pursuant to section 148.340, RSMo 2000,[3] Insurers are required to pay a tax on the insurance premiums they collect in Missouri. Insurers sought refunds of taxes they overpaid for the 2004 tax year. Their refund requests were postmarked Friday, June 1, 2007. Delivery of the refund requests was attempted on June 2, but the director of revenue's office was closed because it was a Saturday. The refund requests were received by the director's office when it again opened for business on Monday, June 4.

The director of revenue applied section 136.035 in calculating the deadline for Insurers' refund claims. She determined that their requests were untimely filed because they had been due on or before June 2 and had not been received until June 4. The refund requests were denied, and Insurers sought review from the AHC. The AHC affirmed, and Insurers now seek review.

## II. Standard of Review

■ This Court reviews the AHC's interpretation of revenue law *de novo*. *Six Flags Theme Parks, Inc. v. Dir. of Revenue*, 102 S.W.3d 526, 527 (Mo. banc 2003). The AHC's factual determinations are up-

held if the law supports them and, after reviewing the whole record, there is substantial evidence to support them. *Id.*

## III. Insurers' Refund Requests Were Not Timely Filed

### A. The AHC properly applied section 136.035

■ Insurers argue that the director of revenue and the AHC incorrectly determined the timeliness of their refund claims under section 136.035, the general tax refund provision. They contend that section 148.076,[4] not section 136.035, establishes the statute of limitations for their refund requests. They maintain that section 148.076 is the applicable statute because it is in the same chapter as the statute that imposes the insurance premium tax, section 148.340.

■ Insurers' arguments are unpersuasive because section 148.076.1, by its plain language, is limited to refunds of overpayments of taxes imposed on banking institutions in sections 148.010 to 148.110.[5] The terms of this statute make clear that it is limited to a series of banking-related provisions contained in these sections, not to the insurance premium tax scheme outlined in section 148.340. The AHC did not err in applying the general refund statute, section 136.035, instead of section 148.076, to Insurers' claims.

---

**2.** All references to section 136.035 are to RSMo Supp.2007.

**3.** All statutory references are to RSMo 2000, unless otherwise indicated.

**4.** Section 148.076 provides that refunds on taxes imposed by sections 148.010 to 148.110 (relating to banking institutions) shall be filed within three years from the date the tax return was filed or two years from the time the tax was paid, whichever is later.

**5.** There is no need to resort to statutory interpretation to determine a statute's applicability when the statute is unambiguous. *Abrams v. Ohio Pacific Express*, 819 S.W.2d 338, 340 (Mo. banc 1991) (stating that there is "no room for [statutory] construction where words are plain and admit to but one meaning").

## B. Insurers' section 136.035 refund request deadlines

Section 136.035.3 provides in relevant part: "No refund shall be made by the director of revenue unless a claim for refund has been filed with him within two years from the date of payment." Under this section, the deadlines for Insurers' 2004 premium tax refund claims were two years from the date Insurers remitted their final 2004 premium taxes.

Insurers argue that the section 136.035.3 deadline applicable to their cases was Saturday, June 2, 2007. For Insurance Company of the State of PA, Illinois National Insurance Company, and American International South Insurance Company, there is no dispute that the section 136.035 deadline was June 2, 2007—two years from the date (June 2, 2005) that they paid their final 2004 premium taxes. But, the AHC rejected application of this June 2, 2007, deadline to American Home Assurance Company, Granite State Insurance Group, New Hampshire Insurance Company, National Union Fire Insurance Company of Pittsburgh, and AIU Insurance Company (collectively "AGNNA insurers").

AGNNA insurers argue that the AHC wrongly calculated their refund request deadlines because it used the last dates they remitted 2004 premium tax installment payments in 2004.[6] AGNNA insurers assert that their section 136.035.3 refund request deadlines were on June 2, 2007, because they filed returns relating to

their 2004 premium taxes on June 2, 2005. The AHC, however, rejected AGNNA insurers' claims that their refund request deadlines should be calculated from June 2, 2005.[7]

For purposes of this case, however, this Court need not explore AGNNA insurers' arguments about the AHC's calculation of their refund request deadlines. Even if this Court applies the June 2, 2007, date requested by AGNNA insurers, their requests were untimely filed for the reasons outlined below. As such, this opinion applies the June 2, 2007, deadline to all Insurers so that their claims can be addressed collectively.[8]

## C. A section 136.035 deadline is not extended if it falls on a Saturday

■ Insurers contend that, because June 2, 2007, was a Saturday, their refund request deadlines were effectively extended to Monday, June 4. This argument, however, fails because section 136.035 does not mandate that its refund request deadline be extended, and the legislature has not created a general exception for statutory deadlines that fall on a Saturday.

■ Tax refund provisions are strictly construed *against* the taxpayer. *See Ford Motor Co. v. Dir. of Revenue*, 97 S.W.3d 458, 461 (Mo. banc 2003). Construction of refund provisions against the taxpayer is

---

6. Pursuant to section 148.350.2, AGNNA insurers paid "estimated quarterly installments" of their 2004 premium taxes throughout 2004. Granite State's last 2004 estimated installment payment was paid March 1, 2004, and the other AGNNA insurers paid their last 2004 estimated payments on November 24, 2004.

7. The AHC found that AGNNA insurers made no 2004 premium tax payments in 2005. It found that American Home's June 2, 2005,

filing was related to payment of a 2005 premium tax installment payment and was not a final 2004 premium tax payment. It found that the other AGNNA insurers' June 2, 2005, filings were letters indicating that they owed nothing more for 2004 premium taxes.

8. For purposes of this opinion, it is not necessary to determine the date on which AGNNA insurers' final 2004 premium tax payments were made.

consistent with the general rule that the state's sovereign immunity shields it from refunding taxes voluntarily paid, even if illegally collected, and refund statutes are limited waivers of sovereign immunity to allow the recovery of money wrongly collected. *Id.* As a consequence of this rule, "[s]tatutory provisions waiving sovereign immunity are strictly construed, and when the state consents to be sued, it may prescribe the manner, extent, procedure to be followed, and any other terms and conditions as it sees fit." *Id.* (internal quotations omitted).

Applying strict construction to section 136.035.3's requirement that a refund request be filed with the director "within two years from the date of payment," this Court finds nothing in the statute that mandates extension of the deadline when the director of revenue's office is closed on a Saturday.

Had the legislature intended the tax refund claim deadline in section 136.035 to be extended if the date fell on a Saturday, it certainly could have so stated. For example, Saturday deadlines are extended to the next business day in sections 137.495, RSMo Supp.2007, (property tax lists) and 143.851 (income tax returns). The legislature also can alter statutory deadlines by adding a "mailbox rule," as it did in AHC-related sections 621.050 and 621.205.[9] Nothing in section 136.035, however, provides a specific Saturday extension or a

"mailbox rule" that alters its statute of limitations.

Further, while section 1.040 provides a general exception for statutory deadlines that fall on a Sunday,[10] the legislature has not extended this general exception to include Saturday deadlines. In addition, there is no statute requiring the director of revenue to accept physically delivered section 136.035 filings on a Saturday.[11]

For these reasons, when the refund request deadline under section 136.035.3 falls on a Saturday, the *de facto* deadline for filings is the preceding business day.

### D. *Evergreen* is not controlling

Insurers cite *Evergreen Lawn Service, Inc. v. Director of Revenue*, 685 S.W.2d 829 (Mo. banc 1985), for the proposition that their refund requests were timely filed because they *attempted physical delivery* on the closed director's office on the statutory deadline of June 2, 2007. They argue that *Evergreen* instructs that their refund requests were timely filed when received on Monday, June 4.

In *Evergreen*, a taxpayer sought to appeal the director of revenue's decision to the AHC. 685 S.W.2d at 829. *Evergreen* considered the interpretation and application of section 161.273, RSMo 1978, which required the taxpayer's appeal to be filed with the AHC "within thirty days after the mailing or delivery of" the director's decision. *Id.* at 830. An issue arose because

---

9. Section 621.050 provides that an appeal to the AHC is considered filed on the date that it is received by the AHC, unless it is sent by registered or certified mail. If the document is sent by registered or certified mail, a "mailbox rule" applies and the document is deemed filed on the date it was mailed. Section 621.050.1. Section 621.205.1 reiterates this rule that documents transmitted to the AHC are considered filed on the date they are received, unless they are sent by registered or certified mail.

10. Section 1.040 provides that "[t]he time within which an act is to be done shall be computed by excluding the first day and including the last[, and] [i]f the last day is Sunday it shall be excluded."

11. *Cf.* section 115.057 (election authority offices to be open Saturdays preceding elections).

the taxpayer attempted physical delivery of its petition for review on the thirtieth day, a Saturday, when the AHC's offices were closed. *Id.* This Court held that the AHC erred in rejecting the taxpayer's petition as untimely filed, declaring: "When a petitioner attempts to file an appeal on the thirtieth day (and that terminal date falls on a Monday thru Saturday) by personal delivery to the appropriate office but the actual filing is thwarted because the office is closed, the [AHC] must treat the petition as timely filed, at the time the office next opens." *Id.* at 831.

Although Insurers also attempted physical delivery on a Saturday, their reliance on *Evergreen* is misplaced. *Evergreen* pertained to the statutory time limitation on appeals to the AHC, not on refund requests lodged with the director of revenue.[12] The conclusion favoring the taxpayer's ability to appeal in *Evergreen* was representative of this Court's view that "[t]he right to appeal should be liberally construed as appeals are favored in the law[, and] [i]f doubt exists as to the right of appeal, it should be resolved in favor of that right." *In re Competency of Parkus,* 219 S.W.3d 250, 254 (Mo. banc 2007). In contrast, Insurers' cases challenge the time limitations for retrieving money from the state's treasury. Unlike provisions governing the right to an appeal, tax refund provisions are strictly construed against the taxpayer. *See Ford,* 97 S.W.3d at 461.

For these reasons, the AHC did not err in rejecting application of *Evergreen* to Insurers' cases.

## IV. Conclusion

The AHC did not err in finding that the director properly rejected Insurers' refund requests as untimely. This Court cannot rewrite the statutes to extend the applicable statute of limitations or to permit extended time for filing refund requests when the statutory deadline falls on a Saturday. The AHC's decisions in favor of the director are affirmed.

STITH, C.J., PRICE, TEITELMAN, WOLFF and BRECKENRIDGE, JJ., and HOFF, Sp.J., concur.

FISCHER, J., not participating.

---

**12.** The statute at issue in *Evergreen* is now codified at section 621.050, which was amended after *Evergreen* to provide a "mailbox rule" exception to filing deadlines. As discussed above, section 621.050.1 and section 621.205.1 provide that filings with the AHC are considered filed on the date they are received by the AHC, unless they are sent by registered or certified mail. Further, section 621.205.2 provides a specific exception for Saturday deadlines, stating:

When the last day prescribed for performing any act prescribed by [chapters 621 or 536 or the AHC] falls on a Saturday, Sunday, or a legal holiday in this state, the performance of such act shall be timely if it is performed on the next succeeding day which is not a Saturday, Sunday, or legal holiday.

These time guidelines for filing documents with the AHC, however, are not instructive in Insurers' cases. As discussed above, unlike sections 621.050 and 621.205, nothing in section 136.035 provides a specific extension for Saturday deadlines or a "mailbox rule" that can be used to extend Saturday deadlines.